JENKINS *v.* MIDLAND VALLEY RAILROAD COMPANY.

Opinion delivered February 24, 1919.

1. RAILROADS—INVITEE ON TRACK—DUTY TO LOOK AND LISTEN.—Where a person goes upon a railroad track upon invitation of the company, it cannot be said as matter of law that he is guilty of contributory negligence in not looking and listening for the approach of trains.

2. RAILROADS—PERSONS ON TRACK—BURDEN OF PROOF.—The burden is not upon a person injured on a spur track by the switching of a train to prove that the railroad company was negligent; it being *prima facie* negligent.

3. TRIAL—INSTRUCTION—GENERAL OBJECTION.—A general objection to an instruction is insufficient to call attention to the fact that it directs that verdict "may be" for plaintiff instead of "must be."

4. RAILROADS—STATUTORY WARNINGS.—The duty imposed by the statute of ringing a bell or sounding a whistle at crossings is inapplicable as a basis of liability for an injury to a person on private premises through which a spur track runs, though it may be a circumstance to be considered in determining negligence.

Appeal from Sebastian Circuit Court, Greenwood District; *H. P. Daily,* Special Judge; reversed.

*R. W. McFarlane,* for appellant.

The court erred in refusing instructions requested by plaintiff and in giving those asked by defendant. 53 Ark. 202; 54 *Id.* 164; 71 *Id.* 430; 96 *Id.* 645; 104 *Id.* 495; Acts 1913, p. 735, § 2. There are well-defined exceptions to the "stop, look and listen" doctrine, and this case falls within the exceptions. 78 *Id.* 60; 79 *Id.* 141. Deceased was not required to look or listen for trains where they had no right to come, in a mine yard where there was no work that day and where trains were not accustomed to come. *Supra.* There was no evidence of negligence or contributory negligence on deceased's part and no warn-

ing was given by ringing the bell or sounding the whistle, as required by law.

*O. E. Swan* and *Thomas B. Pryor,* for appellee.

1. There is no error in the instructions. The objections were general and not specific. 98 Ark. 227; 102 *Id.* 460; 88 *Id.* 1.

2. Objections made in this court for the first time will not be considered. 70 Ark. 348; 78 *Id.* 490. Where plaintiff objected generally to an instruction he cannot object specially thereto for the first time on appeal. 99 Ark. 226.

There was no error in refusing instructions No. 1A and 8B. A decision of the Supreme Court on appeal is the law of the case on subsequent trial. 99 Ark. 218; 109 *Id.* 579. The law was settled on the first appeal. 134 Ark. 1; 203 S. W. 1.

Instruction No. 3, however, for plaintiff cured any possible errors.

Contributory negligence of deceased was shown by the evidence. 93 Ark. 472; 113 *Id.* 160; 110 *Id.* 195. Plaintiff requested the court to submit this issue to the jury and he cannot now complain. *Ib. and supra.* The court followed the law as declared by this court on the former appeal and there was no prejudicial error.

McCULLOCH, C. J. Appellant's intestate, T. L. Jenkins, received personal injuries resulting in his death by being knocked down and run over while standing at the end of a coal car on a switch in the yards of a coal mining company near Greenwood, Arkansas.

Jenkins was an employee of the coal company and was on the track at the end of a car which stood at the tipple. The track ran through the premises of the mining company, and was used exclusively in furnishing cars to the coal mine. There were four cars standing on the same track about 300 feet distant from the one at the tipple and the injury was caused by certain other cars being thrown with great force onto the switch track and those cars striking the four cars standing there which

caused them to roll down the track and violently strike the car behind which Jenkins stood. The charge of negligence is that the servants of the company threw the cars in on the switch track with great violence and without giving any warning, and without placing some one on the cars to control their movements.

There was a former trial of the case and an appeal to this court, and the cause was reversed and remanded for a new trial. 134 Ark. 1, 203 S. W. 1. The second trial on the remand of the cause resulted in a verdict in favor of the railroad company, and another appeal has been prosecuted to this court.

Numerous errors are assigned as to the rulings of the court in giving and refusing instructions, and the first one which we deem it important to discuss is that which relates to the giving of instruction No. 14, reading as follows:

"The court instructs the jury that it is the duty of a person going on or near a railroad track to use ordinary care or precaution to protect himself from danger and to use that ordinary care and precaution the law demands that he must look and listen; this rule applies whether such person is rightfully there by express or implied invitation of the railroad company or other reasons; you are therefore instructed that if you believe from the evidence that the deceased went upon the track at the time and place where he was injured and killed, and that he did not look and listen for the approach of cars upon said track, then under the law he would be guilty of contributory negligence and cannot recover, and your verdict should be for the defendant."

We are of the opinion that this was an incorrect declaration of the law, and the giving of it by the court calls for a reversal of the judgment.

There are exceptions to the general rule of law that a person going upon a railroad track, must look and listen for the approach of trains, and one of those exceptions is where a person goes upon the track upon invitation of the company. Under those circumstances, it can-

not be said as a matter of law that the person so entering upon the track was guilty of contributory negligence, but it becomes a question for the trial jury to determine whether or not under the peculiar circumstances that precaution should have been observed. *Tiffin* v. *St. L., I. M. & S. R. Co.*, 78 Ark. 60.

The instruction was erroneous, therefore, in telling the jury that the duty of looking and listening applied even where the person entering upon the track was rightfully there "by express or implied invitation of the railroad company or other reasons." Jenkins was an employee of the coal company and was rightfully upon the track running through the coal yards which was not used for general operation of trains. He was rightfully upon the premises and upon the track, for his duties as an employee of the company called him there. It would not do to say that under those circumstances there was an absolute duty on the part of the employee of a mining company to look and listen for the approach of trains every time he went upon the tracks, as it is a question of fact to be left to the trial jury to determine whether under the circumstances it constituted negligence for a person to go upon the track at that place without first looking and listening for the approach of trains.

At the request of appellee, the court gave the following instruction over appellant's objection:

"2. The burden of proof is upon the plaintiff to establish by a preponderance of the evidence the negligence alleged in his amended complaint, and if he fails to discharge this burden, then it is your duty to return a verdict for the defendant."

This instruction was erroneous because the undisputed evidence establishes the fact that Jenkins was injured by appellee's servants in the operation of the train, and in such case the burden was not on appellant to prove negligence. It is true the court told the jury in another instruction that if the injury was caused by the running of trains, it constituted a *prima facie* case of negligence against the railroad company. We need not determine

whether, under those circumstances, the erroneous ruling of the court in giving instruction No. 2 was misleading and prejudicial, but we call attention to this error so that it may be obviated in the next trial of the cause.

Another assignment of error relates to instruction No. 1, given by the court on its own motion, defining the circumstances under which liability of the railway company would arise, and instead of telling the jury that if they found the existence of those facts the verdict should be in favor of the plaintiff, the instruction merely read that the verdict "may be for the plaintiff." It is insisted that the use of the word "may" instead of "must" or "should" constituted an error. The objection to the instruction was general, and not sufficient to call attention to this alleged defect. We deem it unnecessary to say whether we would consider this prejudicial so as to call for a reversal of the case if a specific objection had been interposed.

Again it is urged that the court erred in refusing to give instruction No. 9 at appellant's request. The requested instruction reads as follows:

"The court instructs you that it is made the duty for all railroads operating trains in Arkansas to ring a bell or sound a whistle eighty rods from the crossing of any road or street, and to keep the bell ringing or the whistle whistling until the road or street is crossed, and the said railroad shall be liable for damages which shall be sustained by any person by reason of such neglect; if you believe from the evidence that the defendant came from toward Greenwood the evening of the injury complained of, with its train and cars, and that in approaching the public road crossing near the mine spur on its track, it failed to ring the bell, or sound the whistle as the law directs as above set out, and that said failure, if any, was the proximate cause of the injury and death of the deceased, then you must find for the plaintiff."

We think the court was correct in refusing the instruction, for the stautory duty of ringing the bell or sounding the whistle does not apply under circumstances

such as existed in the present case so as to impose liability. The crossing where it is claimed the bell was not kept ringing as it was approached by the train was on the spur track which was the main line of that branch of the road, and Jenkins was injured in the yards of the coal company. If the bell was not ringing as it approached the switch upon which the cars were thrown, that circumstance was one for the jury to consider in determining whether there was negligence in the manner in which the cars were thrown in on the switch, but it would have been error to tell the jury that the statutory duty of ringing the bell was applicable to the facts of the case. That duty is imposed by statute for the protection of persons at or near crossings, and cannot be made the basis of liability for an injury to a person on the private premises of another owner through which a switch track may happen to run, though it may, as it is in this case, be a circumstance to consider in determining the question of negligence.

For the errors indicated, the judgment will be reversed and the cause remanded for a new trial.