MISSOURI PACIFIC RAILROAD COMPANY, THOMPSON, TRUSTEE, *v.* HOPPER.

4-7522                                          185 S. W. 2d 88

Opinion delivered February 5, 1945.

*Thomas B. Pryor* and *Harvey G. Combs*, for appellant.

*R. W. Tucker,* for appellee.

MILLWEE, J. Appellee, Bryan Hopper, brought this action for recovery of damages to his truck which was struck by one of appellant's freight trains in front of their depot at Sylamore, Arkansas. The cause was tried to jury. At the conclusion of the testimony on the part of the plaintiff, and at the conclusion of all the testimony in the case, appellant requested the court to direct a verdict in its favor. The trial court refused both requests, and the cause was submitted to the jury, and a verdict for $350 for plaintiff (appellee) was returned upon which judgment was entered.

Appellant's contention is that the trial court should have declared as a matter of law, under the proof in the case, that appellee was guilty of contributory negligence and was not, therefore, entitled to recover. This contention must be overruled, if there was any substantial evidence, viewed in light most favorable to appellee, to support the verdict. *Ark. Power & Light Co.* v. *Connelly,* 185 Ark. 693, 49 S. W. 2d 387. We proceed with a statement of the facts viewed in this light.

Appellee was engaged in hauling heading bolts which he was unloading in a boxcar near appellant's depot at Sylamore, Arkansas, when appellant's station agent inquired if appellee would haul some tin roofing to a Mr. Clark. Appellee was told by the agent that the roofing was heavy, and he did not want to put it in the freight depot, but would leave it outside and would see that appellee was paid for the haul if Clark did not pay for it. The agent also told him to drive or back in- and get the freight which was between the track and depot, but did not advise appellee that a train was due at that time.

Appellee had, earlier that day, paid the freight on some fence wire belonging to his brother, and this wire and the tin roofing was piled and scattered on the ground between the front of the depot and the tracks which ran parallel with the west side of the depot. The distance from the west wall of the depot to the inside rail at this place was about 17 feet. Appellee backed his truck between the freight and the inside rail as close to the roofing as he could, with the wheels of his truck about three feet from the inside rail. He and his helpers had been loading about three minutes when a fast freight train approached and "side-swiped" the truck.

The station agent had gone to his brother's home near the station a few minutes before the truck was parked and returned to the scene of the collision about the time the train crew arrived, the train having stopped. One of the crew asked appellee what he was doing in there with a truck, and appellee replied, "There is the agent. He told me to come in here," and the agent replied, "Yes, that is right. I told him to come in here, and I had as well go hunting a job."

Appellee knew nothing about the schedule of the trains when the agent directed appellee to drive or back in and get the freight. There were 23 bundles of tin roofing weighing approximately 200 pounds each in sheets about 2 feet wide and 8 or 10 feet long. Appellee had two boys with him, and they could have carried it to

the corner of the depot which was 20 or 30 feet from the freight, but it was heavy to carry that far. Appellee could have backed up to a point south of the material by moving one or two express trucks that were in the way, but denied that it would have been as feasible to load in this manner because the truck bed was just as high in the back as on the sides, and it was easier to load over the sides where two men were required in loading. He acted upon the instructions of the agent in backing and parking his truck. Appellee was corroborated in his testimony by Harry Barnes, Sam Henderson and Leonard Byrnes, who were assisting him at the time.

The trial court in passing on appellant's requests for an instructed verdict took the position that the questions of the negligence of appellant and contributory negligence of appellee were for the jury to determine in view of the agent's instructions to appellee and in view of the place where the freight was located and the other physical surroundings.

Of course, if appellee had merely parked his truck too close to the railway tracks without any invitation or direction on the part of appellant's agent, we would readily conclude that he was guilty of contributory negligence as a matter of law. But the situation produced by the peculiar facts in this case is somewhat analogous to that of a traveler upon highways at public crossings.

In the case of *Jenkins* v. *Midland Valley R. Company,* 137 Ark. 595, 209 S. W. 721, this court said: "There are exceptions to the general rule of law that a person going upon a railroad track, must look and listen for the approach of trains, and one of those exceptions is where a person goes upon the track upon invitation of the company. Under these circumstances it cannot be said as a matter of law that the person so entering the track was guilty of contributory negligence, but it becomes a question for the trial jury to determine whether or not under the peculiar circumstances that precaution should have been observed."

In the earlier case of *Tiffin* v. *St. Louis, I. M. & S. Ry. Company,* 78 Ark. 55, 93 S. W. 564, this court, in pointing out the exceptional cases where it is proper to submit to the jury the question of whether or not the failure to look and listen for the approach of trains is negligence, lists, among others, the following classes of cases: (1) Where the circumstances are so unusual that the injured party could not reasonably have expected the approach of a train at the time he went on the track, and (2) where the direct act of some agent of the company had put the person off his guard, and induced him to cross the track without precaution.

And in the case of *St. Louis, I. M. & S. Ry. Company* v. *Tomlinson,* 69 Ark. 489, 64 S. W. 347, Mr. Justice RIDDICK, speaking for the court said: "But the case is different where the injured person comes on the track by the invitation of the railway company. In such a case he must still exercise ordinary care, but, as he has the right to rely to some extent upon an implied assurance of the company that the way is safe, the courts, not knowing to what extent his acts may be influenced by the conduct of the company, cannot in such a case say as a matter of law that the mere failure to look and listen is such negligence as precludes a recovery."

Mr. Justice WOOD, in the case of *Missouri & North Arkansas Railroad Company* v. *Bratton,* 85 Ark. 326, 108 S. W. 518, said: "Where the circumstances were such that one of ordinary prudence might not expect a train to pass at that moment, it is a question for the jury to determine whether or not he has been guilty of contributory negligence."

The rule as to what evidence will suffice to go to the jury on the issue of contributory negligence is stated in Shearman & Redfield on Negligence, vol. 1, p. 314, as follows:

"It is a general rule, applicable in all courts, that the question is to be submitted to the jury where the inferences which might fairly be drawn from the facts

are not certain and invariable, and might lead to different conclusions in different minds.

"The court is not at liberty to withhold the question from the jury, simply because it is fully convinced that a certain inference should be drawn, so long as persons of fair and sound minds might possibly come to a different conclusion."

Under this rule, and the evidence in this case, we cannot say as a matter of law that appellee did not act upon a reasonable supposition of safety induced by the act or omission of appellant's agent in directing appellee to a place of danger without warning him of that danger. The learned trial court correctly submitted the issue of appellee's contributory negligence to the jury. The amount of the verdict is not questioned.

The judgment is affirmed.