[No. 12889.    Department One. — October 3, 1890.]

## MARY HARTIGAN, APPELLANT, v. SOUTHERN PA-CIFIC COMPANY, RESPONDENT.

ACTION FOR DEATH — PARTIES — SEPARATE ACTION — FORMER RECOVERY — PLEA IN BAR. — The right of action for damages for an injury resulting in death is purely statutory, and, under section 377 of the Code of Civil Procedure, can be brought by either the heirs or the personal representative; but separate actions cannot be brought or maintained by both, and a former recovery by an executor may be pleaded and proved in bar to an action subsequently brought by the heirs of one killed through the negligence of the defendant.

ID. — COMPROMISE OF ACTION BY EXECUTOR. — An executor has authority, with the approval of the probate court, to compromise an action for damages for injuries resulting in the death of his testator, owing to the negligence of the defendant.

APPEAL from a judgment of the Superior Court of Contra Costa County.

The facts are stated in the opinion of the court.

*D. M. Delmas,* and *George Lezinsky,* for Appellant.

*W. L. Dudley,* for Respondent.

Fox, J. — Patrick Hartigan died June 13, 1886, from injuries alleged to have been received through the negligence of the defendant. He left a widow, the plaintiff in this action, but no children; also a will, of which he named John McCarthy as executor. The will being duly proved and admitted to probate, and letters testamentary issued to McCarthy, he brought an action against the present defendant for damages for the injuries resulting in the death of his testator. Afterwards, and before the answer was filed to the complaint in that action, the plaintiff herein brought this suit against the same defendant, and upon the same cause of action. She then filed an intervention in the suit brought by the executor, denying the right of the executor to maintain the action, and praying that he be not allowed to proceed therewith.

To that intervention the executor answered, and the defendant answered to both the complaint and the intervention, — both after demurrers had been interposed thereto and overruled. In that former action an offer was made to allow the plaintiff to take judgment for the sum of five thousand dollars; the offer was reported to the probate court, and upon hearing of petition filed in that behalf, at which the widow appeared and was heard in the matter, the executor was authorized by the court to accept the offer, and the same was accepted, and judgment entered accordingly, and subsequently paid, and satisfaction thereof entered. Subsequently this case came on for trial, and the plaintiff having introduced her evidence and rested, the defendant offered, and there was admitted, in evidence, against the objection of plaintiff, the judgment roll and satisfaction of judgment in the former case. After argument of the case, the court charged the jury that said former judgment having been pleaded in bar, and having been offered and admitted in evidence, the same was a bar to this action, and that they should therefore find for the defendant. Verdict and judgment accordingly, from which plaintiff appeals.

There was no error in the instruction. The right of action is purely a statutory one, and under section 377 of the Code of Civil Procedure, could be brought by either the heirs or the personal representative, but separate actions could not be brought or maintained by both. Under the former statute it could only be brought by the executor or administrator (*Kramer* v. *Railroad Co.*, 25 Cal. 434); but that law has been so amended in and by the code that now it may be maintained by either the heir or the executor or administrator. On this subject this court has recently said: "But one action is permitted, and that action may be brought either by the heirs of the deceased, or by his personal representatives; and when one action is brought, and the court has ob-

tained jurisdiction of it, that is the only action which the statute permits. As, for instance, when the personal representative of the deceased brings an action to recover damages for the act or negligence causing death, if another action is afterwards brought by the heirs of the deceased, the pendency of the prior action may be well pleaded in abatement of it; or if a judgment has been rendered in the first, such judgment may be well pleaded in bar of the second action." (*Munro* v. *Dredging etc. Co.,* 84 Cal. 515.) This being the language of this court in Bank, and directly in point on the question involved here, it is conclusive of this case, and it becomes unnecessary to discuss any of the other points made by the appellant. The executor had authority, with the approval of the probate court, to make the compromise. (Code Civ. Proc., sec. 1588; *Moulton* v. *Holmes,* 57 Cal. 343.)

Judgment affirmed.

PATERSON, J., and WORKS, J., concurred.

Hearing in Bank denied.