MARGARET E. OYSTER V. BURLINGTON RELIEF DEPARTMENT OF THE CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY ET AL.

FILED SEPTEMBER 18, 1902.    No. 12,071.

Commissioner's opinion, Department No. 2.

1. Benefit Certificate: VOLUNTARY RELIEF DEPARTMENT: WAIVER. Terms in a benefit certificate of the Burlington Voluntary Relief Department of the Chicago, Burlington & Quincy Railroad Company, providing that where members of that department. shall elect to accept the benefits provided by the certificate, they must waive all right of action against the railroad company for the injury received,—examined, and *held* valid.

2. ———: ———: ———: LORD CAMPBELL'S ACT: PERSONAL REPRESENTATIVE OF DECEASED: MINOR CHILDREN. The election of the widow of a member of the Voluntary Relief Department of the Chicago, Burlington & Quincy Railroad Company to accept the provisions of a relief certificate in which she is the beneficiary does not bar an action by the personal representative of the deceased against the railroad company, under the provisions of section 2, chapter 21, Compiled Statutes of Nebraska, for the benefit of the minor children of the deceased.

3. Administrator: JUDGMENT: LORD CAMPBELL'S ACT: WIDOW: NEXT OF KIN: PETITION: LEGAL BENEFICIARIES: LEGAL DISTRIBUTEE: BAR. A judgment recovered by an administrator under the provisions of section 2, chapter 21, Compiled Statutes of Nebraska, is for the exclusive benefit of the widow and the next of kin of such deceased person, and the fact that the administrator, in his petition for damages, fails to name all the legal beneficiaries provided for in this act, will not bar any legal

distributee not named in his petition from receiving his distributive share of the judgment recovered.

4. **Lord Campbell's Act: FULL PENALTY: RECOVERY: BENEFIT CERTIFICATE: BAR.** Where the full penalty prescribed by statute has been recovered from the Chicago, Burlington & Quincy Railroad Company for the unlawful killing of one of its employees who is a member of the Voluntary Relief Department of such company, the beneficiary named in the certificate of such employee can not maintain a cause of action against the railroad company on such certificate.

ERROR from the district court for Lancaster county. Tried below before FROST, J. *Affirmed.*

*Arthur W. Lane,* for plaintiff in error.

*J. W. Deweese* and *Frank E. Bishop, contra.*

OLDHAM, C.

This was an action brought in the district court for Lancaster county to recover on a beneficiary certificate issued to one Granville R. Oyster by the Voluntary Relief Department of the Chicago, Burlington & Quincy Railroad Company, and payable in case of his death to his wife, the plaintiff herein. The certificate was issued April 6, 1891, and Granville R. Oyster was killed in a railroad accident on the 31st day of July, 1894, while in the employ of the Chicago, Burlington & Quincy Railroad Company, and also while a member in good standing in the relief department of said company. There is no disputed question of fact in the record. The case was tried without the intervention of a jury to the court, and judgment was rendered for the defendant, and plaintiff brings error to this court.

After the death of Granville R. Oyster, Margaret E. Oyster, wife of the deceased, procured letters of administration on his estate and prosecuted a cause of action against the Chicago, Burlington & Quincy Railroad Company for negligently causing his death, under the provisions of chapter 21 of the Compiled Statutes of Nebraska, and re-

covered a judgment against the company for $5,000, the full amount allowed by statute. In this suit the plaintiff, as administratrix, sought to recover damages for the benefit of the minor children of the deceased alone, and did not name his widow as one of the beneficiaries. This judgment was reviewed by this court in the case of *Chicago, B. & Q. R. Co. v. Oyster,* 58 Nebr., 1, and affirmed, and the damages were paid in full by the defendant railroad company before the trial of the case at bar in the district court. The provisions of the benefit certificate under which defendant claims exemption from liability are, in substance, that the acceptance of the benefit from the relief department was to operate as a release and satisfaction of all claims for damages against the railroad company for such injury, and that if suit was brought against the company, no payment would be made from the relief fund on account of the injuries until the said suit was discontinued, and if the suit should proceed to judgment or be compromised, all claims upon the relief fund were to be precluded. The question of the validity of the foregoing conditions in similar certificates of this relief department has been before this court, fully discussed, and fully upheld in the cases of *Chicago, B. & Q. R. Co. v. Bell,* 44 Nebr., 44; *Chicago, B. & Q. R. Co. v. Curtis,*[*] 51 Nebr., 442; *Clinton v. Chicago, B. & Q. R. Co.,* 60 Nebr., 692. It is urged, however, by counsel for plaintiff, that the beneficiary in the relief certificate has never prosecuted any action on her own behalf and for her own benefit against the railroad company for damages on account of the death of her husband, but that in the suit which was prosecuted she only appeared in her representative capacity to recover damages for the minor children of the deceased, who are not parties to this suit. The holding of this court in the case of *Chicago, B. & Q. R. Co. v. Wymore,* 40 Nebr., 645, is relied upon by plaintiff to sustain this contention. In that case it was held that the election of the wife to accept the provisions of one of these benefit certificates did not estop

[*] 66 Am. St. Rep., 456.

a personal representative of the deceased from prosecuting an action for damages against the company under the provisions of section 2, chapter 21, Compiled Statutes, for the benefit of his minor heirs, but that the beneficiary alone was barred by this act. The reason of the rule laid down in that case is that neither the deceased nor the beneficiary named in his certificate are authorized to contract against the liability prescribed by section 2, chapter 21, *supra,* commonly called "Lord Campbell's Act"; that while the beneficiary in the certificate may contract with reference to her own right of recovery under this act, yet she can not extend such contract so as to bar the right of recovery of her minor children. In other words, that decision stands on the proposition that the Lord Campbell's Act gives a right of recovery to minor children for the loss of support and maintenance, caused by the negligent or unlawful killing of their father, which neither he nor the wife surviving him can waive by contract. In that case the widow first accepted the benefit of the certificate, and then, having been appointed administratrix, brought the action in her representative capacity for herself as widow and the minor children as the next of kin of the deceased, and it was held that she might prosecute the action for the benefit of the minors, but not for her own benefit as widow. In the case at bar the widow of the deceased, as beneficiary of the certificate in issue, did not, in the first instance, elect to claim the benefit provided in such certificate, but, on the contrary, she took out letters of administration on the estate of the deceased, and in her representative capacity prosecuted the defendant railroad company under the provisions of the Lord Campbell's Act, omitting, however, to name herself as widow among the beneficiaries. The result of the action was the recovery of the full amount allowed by statute for the wrongful killing of the deceased. In this action it is clear that the administratrix sued as trustee for all the beneficiaries permitted to recover under the provisions of section 2, chapter 21, *supra,—i. e.,* for the widow and the next of kin,—and the mere fact that the

petition omitted to name some one of the beneficiaries would not and could not prevent such beneficiary from participating in the distribution of the fund when recovered. If the plaintiff, as widow of the deceased, has not received her distributive share of this $5,000 from herself as administratrix of the estate of Granville R. Oyster, then she, as widow and distributee of this fund, has a good cause of action against herself, as administratrix of the estate of the deceased, for her proportionate share of the money recovered.

Seeing, then, that the railroad company has paid the full penalty prescribed by law for the unlawful killing of Granville R. Oyster to his personal representative, we must then look to the terms of the certificate on which this cause of action is predicated to determine whether or not it gives a further right of action to plaintiff for this same injury. It is plain that if any such additional right of action for the wrongful killing of this man exists at all, it must be by the terms of the benefit certificate of the voluntary relief department of the defendant; and these terms provide that if any authorized person brought a suit against the company which was prosecuted to judgment, or afterwards compromised, the beneficiary would have no claim on the relief fund. Plaintiff must take this certificate with the conditions imposed by the contract, or not take it at all. Without the contract contained in this certificate, she has no right of action; and with the contract, by the condition it contained, she is barred from a recovery. *Maine v. Chicago, B. & Q. R. Co.*, 70 N. W. Rep. [Ia.], 630; *Donald v. Chicago, B. & Q. R. Co.*, 61 N. W. Rep. [Ia.], 971, 33 L. R. A., 492; *Pittsburgh, C., C. & St. L. R. Co. v. Cox*, 45 N. E. Rep. [Ohio], 641, 35 L. R. A., 507; *Pittsburgh, C., C. & St. L. R. Co. v. Moore*, 53 N. E. Rep. [Ind.], 290, 44 L. R. A., 638.

It is therefore recommended that the judgment of the district court be affirmed.

BARNES and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

NOTE.—*Lord Campbell's Act.*—In England prior to *anno* 1846, an administrator could not recover for the wrongful death of his intestate. This was upon the theory that he could transmit to his heirs no property or right which was not his at the time of his death. As the right of recovery for his death was not complete till he was dead, there was never an instant of time in which he himself possessed any right of action; hence there was, at the intestate's death, nothing to transmit. Lord Campbell's Act [9 & 10 Victoria, c. 93] was designed to remedy this evil. The author was John Campbell, First Baron Campbell. He was author of Lives of Chief Justices. Born 1779, died 1861; he was a Scotchman by birth. Most of the states in the American Union have followed Lord Campbell's Act. In Nebraska, it is chapter 21 of Wheeler's Compiled Statutes.—W. F. B.