ST. LOUIS, MEMPHIS & SOUTHEASTERN RAILROAD COMPANY.

*v.* GARNER.

Opinion delivered October 14, 1905.

1. WRONGFUL KILLING—RIGHT OF FATHER TO SUE.—A father, as next of kin of an adult intestate, has no right to bring an action to recover damages for the wrongful killing of such intestate where there is a personal representative. (Page 557.)

2. SAME—FATHER'S DAMAGES.—In an action to recover damages resulting to a father from the killing of an adult son, substantial damages cannot be recovered, in the absence of proof that the father had a

reasonable expectation of pecuniary benefit from the continued life of the son.    (Page 557.)

Appeal from Randolph Circuit Court.

R. P. MACK, Special Judge.

Reversed.

*L. F. Parker* and *Orr & Luster,* for appellant.

Plaintiff had no right to maintain this action.    53 Ark. 117; 13 S. W. 803; 52 Fed. 373; 91 Mo. 91; 16 S. W. 487; (Wash.) 40 L. R. A. 822; 4 L. R. A. 261.    Sec. 5912, Sand. & Hill's Dig.; Tiffany, Death by Wrongful Act, p. 139, § 116; 130 U. S. 201, etc.    Plaintiff was not entitled to recover in this action, for the reason that there was absolutely no evidence even tending to show that plaintiff was in any pecuniary way damaged by the death of his son, that he received any pecuniary benefits from his son's earnings at the time of his death, or that he had any reasonable expectation of doing so in the future.    41 Ark. 387; 55 Ark. 462; 18 S. W. 628; 57 Ark. 377; 21 S. W. 887; 51 Ark. 509; 4 L. R. A. 296; 73 S. W. 542; 62 S. W. 561; 5 L. R. A. 172; 76 S. W. 931; 28 L. R. A. 573.

The statute is plain in its provision that "the jury may give such damages as they shall deem a fair and just compensation with reference to the *pecuniary injuries* resulting from such death."    Sand. & H. Digest, § 5912.

BATTLE, J.    "On the 25th. day of September, 1902, one Joseph Garner, a man about 22 years of age [we quote from appellant's brief] was at the depot at Biggers, a station in Randolph County, when one of defendant's engines, nearly out of water, was ready to make a quick run to a water tank about twenty miles north.    Joseph tried to persuade Bud Smith and John Burries to ride the engine with him, but they both declined, and warned Garner that it was dangerous, and he might get hurt.    Garner replied, 'By God, I am going to ride it anyway,' and he asked Perkins, the brakeman, if he could ride, and Perkins told him: 'No; you might get hurt; we are in a hurry.'    Garner expressed himself as 'not giving a damn if he did; he was going to ride it,' and when the engine pulled out, Garner stepped up on the step at the rear end of the tender, and held to the bar near the top.    The engine moved off at a rapid rate, and had gone about half a mile when Garner fell from his position, and in falling struck his head on some hard substance, from the effect of

which injuries he died the next day, without ever recovering consciousness. J. D. Garner, the father of Joseph, brought this suit to recover damages which he had sustained on account of the death of his son, alleging that 'the injuries received by the said Garner, of which he died, were due to the negligence of said defendant, its agents and employees, in running the train at such an unusual and dangerous rate of speed that by reason of it Garner was thrown to the ground with great violence and received the injuries of which he died; and that thereby the defendant became liable in damages to plaintiff in the sum of nineteen hundred and ninty nine dollars.'

"Defendant in its answer denied specifically the allegations in the complaint, and stated that Joseph Garner was a trespasser on defendant's engine; that he had been warned of the danger, and assumed the risk of the rapid speed of the train, and that his own negligent acts contributed to his injuries; that plaintiff was not the proper party to bring the suit; that there was an administrator of the estate; that plaintiff was not damaged, was not entitled to recover, etc.

"A trial was had before a special judge with a jury. Plaintiff failed absolutely to show in any way that he received any pecuniary benefits from his son's earnings at the time of his death, or that he had any reasonable expectation of doing so in the future. He also showed that there was an administrator of the estate of Joseph Garner, deceased."

The jury brought in a verdict for plaintiff for $500, and the defendant appealed.

The plaintiff (appellee) had no right to bring or maintain this action, there being a personal representative of the deceased. Kirby's Digest, § 6290; *Davis* v. *Railway Co.,* 53 Ark. 117.

The appellee was not entitled to recover in this action, because there was no evidence tending to show that he was pecuniarily damaged by the death of his son, the deceased; that he received any part of his son's earnings; that the son gave any assistance to the father, contributed money to his support; or that the father had a reasonable expectation of pecuniary benefit from the continued life of the son. *Fordyce* v. *McCants,* 51 Ark. 509.

Judgment reversed, and the action is dismissed.