# CASES DETERMINED

## IN THE

# SUPREME COURT OF ARKANSAS

JENKINS, ADMINISTRATOR, *v.* MIDLAND VALLEY RAILROAD COMPANY.

## Opinion delivered April 22, 1918.

1. NEGLIGENCE—WRONGFUL DEATH—WHO MAY SUE.—One J. was killed by the alleged negligent acts of defendant's servants. J.'s widow then died also. One T. was appointed administrator of both the estates. An action was instituted against defendant and was joined in by the administrator of and for both estates, and also by the heirs of J. *Held*, a demurrer to the complaint of the administrator of the estate of the deceased widow and that of the heirs was properly sustained; the right of a widow and next of kin to sue is, under Kirby's Digest, sections 6289-6290, dependent upon their being no personal representative of the decedent.

2. NEGLIGENCE—WRONGFUL DEATH—SURVIVAL OF ACTION—DEATH OF WIDOW.—A right of action under sections 6289-90 of Kirby's Digest, for the benefit of the widow on account of the death of her husband by the wrongful act of another, does not survive her death.

3. WRONGFUL DEATH—NEGLIGENCE—WHO MAY RECOVER—DEATH OF BENEFICIARY.—In a suit by an administrator for the benefit of the widow and next of kin, growing out of negligent acts resulting in the wrongful killing of deceased, though the suit is maintained for the joint benefit of all the beneficiaries, there is a separate recovery for the benefit of each, according to the pecuniary injury resulting to each from the death by wrongful

act; where one of the beneficiaries in such a suit dies, the right of action to that extent ceases to exist, and the action abates, though it may continue in the interest of other beneficiaries. The surviving beneficiaries do not succeed to the rights of the deceased and the recovery of their benefit is limited in extent to compensation for the injuries sustained by them on account of the wrongful act of the defendant.

4. RAILROADS — INJURY TO EMPLOYEES — NEGLIGENCE — SWITCHING CARS.—Deceased was injured and killed when certain cars were sent down a switch track, without warning and without anyone on them to apply the brakes; deceased was behind a car which was struck by the moving cars and was not a trespasser. *Held*, the evidence was sufficient to sustain a verdict against the defendant.

5. NEGLIGENCE—CONCURRING CAUSES.—Where the negligent acts of defendant and another concur to produce an injury, the author of either negligent act will be liable to the injured party for damages sustained.

6. NEGLIGENCE—WRONGFUL DEATH—RECOVERY BY ADULT NEXT OF KIN.—Deceased was killed by the wrongful act of defendant's employees; his children were all adults, and deceased, while an old man, nevertheless had an expectancy of life for a reasonable length of time, making good wages and making frequent contributions to his children. *Held*, the adult children might recover, and that it was a question for the jury to determine under the proof the extent of the loss sustained by the adult next of kin by reason of the death of the father.

Appeal from Sebastian Circuit Court, Greenwood District; *I. S. Simmons*, Special Judge; reversed.

*R. W. McFarlane,* for appellant.

1. The action survived on the death of the widow and it was error to sustain the demurrer.

2. The court erred in its instructions. Sutherland on Damages, § 1273; 173 S. W. 880; 160 Cal. 48; 172 S. W. 984; 71 C. C. A. 619; 98 N. Y. 528; 128 Ill. App. 335; 86 Am. Dec. 297; 7 Am. Rep. 450; 47 N. Y. 317; Blashfield, Inst. to Juries, 173, § 77, etc.; 88 Ark. 26. See 53 Ark. 203; 58 *Id.* 339; 71 *Id.* 430; 112 *Id.* 320.

3. Negligence was proven and pecuniary loss shown.

*O. E. Swan* and *Thos. B. Pryor,* for appellee.

1. The court properly sustained the demurrer. The action did not survive. 84 Ark. 617; 68 *Id.* 1.

2. There is no error in the instructions given or refused. 68 Ark. 1. No negligence was proven. There is no merit in the appeal and no prejudicial errors are pointed out.

McCULLOCH, C. J. (1) The death of T. L. Jenkins resulted from alleged negligent acts of servants of the defendant railroad company, and this action was instituted against the company by the administrator of the estate of said decedent to recover damages for the benefit of the estate and for the benefit of the next of kin, consisting of four adult children of decedent. The widow of the decedent died after the death of the former, and the individual who was the administrator of the estate of T. L. Jenkins also became administrator of the estate of the widow, and as such joined in the suit. The heirs of Jenkins also joined. The court sustained a demurrer to the complaint of the administrator of the estate of the deceased widow and also to the complaint of the heirs. That ruling was correct, for the right of a widow and next of kin to sue is, under the statute, dependent upon there being no personal representative of the decedent. Kirby's Digest, § 6289, 6290; *Kansas City So. Ry. Co.* v. *Henrie,* 87 Ark. 443.

It is also contended that the ruling was correct so far as it concerns the suit for the benefit of the estate of the widow for the further reason that her cause of action and the cause of action for her benefit did not survive her death. In view of another trial of the case it is proper to decide that question, for the complaint states a cause of action in favor of the administrator of T. L. Jenkins for the benefit of the next of kin, and if the right of action for the benefit of the widow survived her death, there may be a recovery by the administrator for the benefit of the widow's estate as well as for the benefit of the next of kin.

Our statute provides that a right of action for "wrongs done to the person or property of another" shall survive the death of both the injured person and the wrong-doer, and that the action may be maintained by the executor or administrator of the person injured against the wrong-doer, or after his death against his executor or administrator "in the same manner and with like effect in all respects as actions founded on contracts." Kirby's Digest, § 6285. Another statute which was patterned after Lord Campbell's Act confers a right of action against the wrong-doer for the benefit of the next of kin of a deceased person whose death was caused by the "wrongful act, neglect or default" of another, but the statute is silent as to the survivability of such right of action. Kirby's Digest, § § 6289, 6290. This court has decided that the "injury to the person" mentioned in section 6285 means only a bodily injury or damage of a physical character, and that pecuniary damages resulting to a person from the death of another is not an injury to "property" within the meaning of that section. *Davis* v. *Nichols*, 54 Ark. 358; *Billingsley* v. *St. L., I. M. & S. Ry. Co.*, 84 Ark. 617.

In the first case cited above the court held that a right of action under sections 6289 and 6290 for the benefit of a widow did not survive the death of the wrong-doer; and in the other case cited the court held that a husband's right of action against a wrong-doer for the death of his wife did not survive the husband's death.

(2-3) It necessarily follows, we think, from those decisions that a right of action under sections 6289-6290 for the benefit of the widow on account of the death of her husband by the wrongful act of another does not survive her death. In the case of *Davis* v. *Nichols, supra,* the widow was the sole beneficiary of the cause of action involved in that branch of the suit, and in that respect it is distinguishable from the present case, but the principle there announced is applicable, for such a suit by an administrator for the benefit of the widow and

next of kin of a decedent, though maintained for the joint benefit of all of the beneficiaries, there is a separate recovery for the benefit of each, according to the pecuniary injury resulting to each from the death by wrongful act. *Railway Co.* v. *Sweet,* 60 Ark. 550; *Kansas City So. Ry. Co.* v. *Henrie, supra.*

Where one of the beneficiaries in such a suit dies, the right of action to that extent ceases to exist, and the action abates, though it may continue in the interest of other beneficiaries. The surviving beneficiaries do not succeed to the rights of the deceased one, but the recovery for their benefit is limited in extent to compensation for the injuries sustained by them on account of the wrongful act of the defendant.

This brings us to a consideration of the questions concerning the rulings of the court during the progress of the trial. Jenkins received fatal injuries by being knocked down and run over by a freight car at the tipple in the yards and premises of a coal mine near Greenwood, Arkansas. The track on which the car stood was connected with the line of defendant company and the car was suddenly bumped and put in motion by other freight cars thrown in on the track by servants of the company. The railroad company had a spur extending from Greenwood northeast to Fidelity, a distance of about two miles, and the coal mine where Jenkins was injured was near this spur track, about midway between the two points mentioned. A switch track runs off from the spur track to the coal mine and passes under the tipple where cars are loaded with coal when the mine is in operation. Connected with the switch track are certain other tracks which parallel the switch track alongside the tipple. Cars are furnished by defendant company to the operators of the coal mine by placing them on the switch track, and as the cars are needed they are pushed back to the tipple by an employee of the coal mine known as the "car hustler" who uses a pinch-bar to start a car rolling along the track to the tipple. The car hustler

also lines up the switches connecting the switch track with the runaround tracks. The coal mine was not in operation on the particular day Jenkins was killed, but a loaded car, or one to be loaded, was standing under the tipple at that time and Jenkins was at the end of it away from another spur track leading to the station called Fidelity. Four empty cars were standing on the switch track about 300 feet or farther from the tipple, between the tipple and the spur track, and the switch connecting the runaround tracks with the switch track was closed so that cars moving down the switch track would pass to the tipple and strike the car standing there. The train came along the spur track from Greenwood *en route* to Fidelity pushing a caboose and several empty cars to be left on the switch track for use at the mine, and those cars and the caboose were thrown in on the switch track. The evidence tended to show that no signal by bell or whistle was given of the passing of the train, and that no one was on the cars or caboose when they were thrown in on the switch track, and that the cars moved rapidly down the switch track and struck the other cars which were standing uncoupled and without brakes being set, and those cars, when put in motion, moved on down the switch track and struck with great violence the car behind which Jenkins was standing. Serious injuries were inflicted from which Jenkins suffered pain and shortly died.

(4) The evidence was sufficient to justify a finding of negligence on the part of the employees of the railroad company in throwing in the cars on the switch track without signal or other warning, or without having a brakeman in charge to control the movement of the cars, and in throwing them on the track with sufficient violence to set in motion other cars on the track. It was reasonably to be anticipated, or the jury might have found it so, that injury would result to persons or property by violently throwing cars in upon a switch track without giving warning or without placing some one in charge of the cars to control their movement, especially

where there were other cars standing on the track, as was the case in this instance.

(5)  The evidence tended to establish negligence on the part of the car hustler or other employees of the mine operator in leaving the cars on the switch track uncoupled and without the brakes being set, and the testimony also warranted the finding that the custom was for the car hustler to leave the switch lined up with the runaround track, and if that had been the condition in this instance the cars would not have moved on down the switch track so as to strike the car behind which Jenkins was standing.  It is contended that under this state of facts the negligence of the employees of the coal company intervened so as to prevent the alleged negligent act of the servants of the railroad company from being the proximate cause of the injury to Jenkins.  The trial court took that view of the law and instructed the jury accordingly over the objections of plaintiff.  One of the instructions on that subject reads as follows:

"You are instructed that if the employees of the defendant, when they placed the cars which were standing upon the spur track, prior to the day of the injury, properly set the brakes so that the cars were in no danger of rolling down the track, and so they would withstand the impact of the caboose and other cars, then they had a right to presume when they started to place additional cars on the spur track, that the brakes were as they had fixed them unless there is proof that defendant's employees had knowledge of the loosening of the brakes, if the proof shows that they were loosened, and in this connection you are instructed that if you find that some of the cars which had been placed upon the spur track prior to the day of the accident, rolled down the spur track when additional cars were coupled on to them by reason of the brakes on said cars which were already standing on said track, having been loosened by some person other than the defendant's employees, and without defendant's knowledge, and that they would not have

started to roll but for the fact that the brakes were so loosened, then the plaintiff can not recover in this case.''

The same idea was embraced in other instructions, and it was an incorrect interpretation of the law, for if there was negligence of other persons in leaving the cars already on the track uncoupled, and also negligence of the employees of the railroad company in throwing in the additional cars with such violence as to put in motion the cars already there, then there was presented a case of concurring acts of negligence which rendered the author of either responsible for the injuries inflicted.

(6)    Instruction No. 3 given at the instance of defendant was erroneous in telling the jury that the evidence was not sufficient to justify a recovery for pecuniary loss sustained by the next of kin. Jenkins was a very old man and his children were all adults, but the evidence tended to show that he had an expectancy of life for a reasonable length of time, and earned good wages and made frequent contributions to his children, although the contributions were not made regularly. It was a question for the jury to determine under that proof the extent of the loss sustained by the adult next of kin by reason of the death of the father. *Kansas City So. Ry. Co.* v. *Frost,* 93 Ark. 183.

Another assignment of error is the ruling of the court in refusing to give the following instruction:

''The court instructs you that one of the defenses set up by the defendant is that the deceased was guilty of contributory negligence in occupying the place he did at the time of the injury. The court instructs you that if you find by a preponderance of the evidence that it was the custom of the employees of the defendant, not to go with their trains and cars, below the runaround track, and that it was the custom for the employees of the mine to go at will upon the mine yard, then it was not negligence for the deceased to be on any other track than the runaround track.''

We are of the opinion that the proof in the case calls for an instruction on that subject, but it does not follow that the above instruction in that form was correct. Jenkins was not engaged in loading the car at the time he was struck, and the evidence is not clear as to what he was doing there at that time, but he was an employee of the coal company and was not a trespasser in being at that place on the premises of his employer. It would have been proper to give an instruction submitting those facts, if found to exist, for consideration of the jury in passing upon the question of contributory negligence on the part of Jenkins, but this particular instruction was incorrect in telling the jury that Jenkins should be exonerated from the charge of negligence if it was the custom of the railroad company not to place cars below the run-around track, and that it was the custom of the employees of the mine to go at will upon the mine yard. Even though the facts recited in the instruction were found to exist by the jury, the question of Jenkins' negligence in standing near the end of the car under the tipple would still be one for the jury under all the circumstances of the case. Therefore, the instruction in that form was erroneous and the court properly refused it.

Instruction No. 8 on the measure of damages was correct, and should have been given. It stated the converse of instruction No. 3, erroneously given by the court at defendant's request.

It is unnecessary to discuss other instructions given and refused, for it is believed that what has been said will afford sufficient guide in the next trial of the cause.

For the errors indicated, the judgment is reversed and the cause remanded for a new trial.