Southwestern Gas & Electric Company *v.* Godfrey.

Opinion delivered October 22, 1928.

104

106

*J. I. Alley, W. H. Arnold, W. H. Arnold, Jr.,* and
*David C. Arnold,* for appellant.

*A. F. Smith, W. A. Bates, Sam T. Poe, Tom Poe*
and *McDonald Poe,* for appellee.

KIRBY, J. It is urged for reversal that the court
erred in not sustaining the demurrer to the complaint of
the parents of the deceased, the administrator only being
authorized to sue for damages for his wrongful death,
and that in no event could there be a recovery against the
appellants jointly liable for the injury, if liable at all,
separately and for different amounts. Under the statute
the administrator alone was entitled to recover all dam-
ages resulting from the wrongful death of Victor God-
frey, both for the benefit of his estate and the next of
kin. Section 1075, C. & M. Digest; *Ashcraft* v. *Jerome
Hardwood Lumber Co.,* 173 Ark. 135, 292 S. W. 386.

The right of the heirs and next of kin of the decedent
to sue for damages for his wrongful death is dependent
upon there being no personal representative of such
decedent, and, since the complaint of the heirs and next
of kin did not allege there was no personal representative
of the deceased, and did allege that J. R. Godfrey was
the administrator of his estate, it did not state a cause of
action as to them, and was subject to the demurrer, which
should have been sustained. Section 1070, 1075, C. & M.
Digest; *Jenkins, Adm'r.,* v. *Midland Valley R. R. Co.,* 134
Ark. 1, 203 S. W. 1; *Davis* v. *Ry.,* 53 Ark. 117, 13 S. W.
801, 7 L. R. A. 203 s. c., 55 Ark. 462, 18 S. W. 628; *K. C.
S. Ry. Co.* v. *Henrie,* 87 Ark. 443, 112 S. W. 967. Since
the suit was brought by the administrator or personal
representative of the decedent, however, who had the
right to recover all damages resulting from his wrongful
death, no prejudice resulted from the court's failure to
sustain the demurrer, and the error was harmless.

The other assignment, that there could be no greater
recovery than $4,000, the amount of the sum of damages
assessed against Harry Wann, the other joint tort-feasor
and appellant, under the verdict rendered, must be sus-

tained. Only one act of negligence was alleged in the complaint, which consisted in the failure of appellants to guard properly, protect and insulate the electric wires carrying the current from the power plant of the appellant light company to the mill plant and the machinery of the other appellant, and in his failure to guard properly, protect and insulate the electric wire, machinery and equipment in the heading-mill plant. The jury returned two verdicts, finding for the plaintiff against the gas and electric company in the sum of $14,000, and for the plaintiff against Harry Wann in the sum of $4,000. Cyc. says: "Where, although concert is lacking, the separate and independent acts of negligence of several combine to produce directly a single injury, each is responsible for the entire result, even though his act or neglect alone might not have caused it." 38 Cyc. 488. The liability of the wrongdoers is not affected by the relative degree of negligence or of the care required, and if the negligence of both be a contributory cause, although one may owe to the person injured a higher degree of care, and even though there be different degrees of negligence by each, either or both alike are responsible. Damages must be assessed in a single sum, and cannot be apportioned by the jury among the defendants, since the sole inquiry is to the damages resulting from the injury, and not who ought to pay them. 38 Cyc. 490, 492; *St. Louis S. W. R. Co.* v. *Kendall,* 114 Ark. 224, 169 S. W. 822, L. R. A. 1915F, 9; *Coleman* v. *Gulf Ref. Co. of La.,* 172 Ark. 428, 289 S. W. 2.

In *Spears and Purifoy* v. *McKennon,* 168 Ark. 357, 270 S. W. 524, a suit for damages for negligence in performing a surgical operation, the jury returned a verdict in the sum of $3,500, separately, against the physicians, and judgment was rendered for $7,000 against them, to be paid one-half by each. This court held that a judgment for the sum of both the separate verdicts could not be rendered, saying: "This suit was against defendants jointly, to recover damages against them as tort-feasors;

there was only one operation and one damage, both appellants participated in it, and, according to the verdict, both were liable. Under the testimony they were liable as joint tort-feasors, if at all, and the verdict should be construed as a finding of joint and not separate liability. The only way this can be done is to construe the verdict as a joint finding against appellants for $3,500."

In *Wear-U-Well Shoe Co.* v. *Armstrong,* 176 Ark. 592, 3 S. W. (2d) 698, the jury returned two verdicts, one against John Rule, the agent or salesman of the shoe company, for the sum of $750, and the other against the company for $1,750, and this court held that each of the tort-feasors, only one tort being committed and one damage resulting, was liable for the whole damage, and that there could be no greater recovery against both the joint tort-feasors than the lower sum assessed by the jury against one of them. So here, under our decisions, since the injury resulted from the joint or concurring negligence of the two appellants, the negligence of both contributing to it, their liability was not affected by the relative degree of negligence and of the care required, each being liable for the whole damage resulting, and there could be no greater recovery against either or both the joint tort-feasors than the smaller amount assessed by the jury against one of them, the sum of $4,000.

We have carefully considered the authorities in the able brief of appellee supporting a different rule, but find no sufficient reason for not following the rule already adopted by our decisions. The court erred in rendering judgment for the entire damage resulting from the negligence of appellants for more than the smaller amount of the verdict against the appellant Harry Wann in the sum of $4,000.

The testimony is in decided conflict as to whether there was any conscious pain and suffering of the deceased after he came in contact with the defectively insulated wire, the preponderance of it probably being

against such a finding, but there was some substantial testimony from which the jury might have found that such was the fact, and we cannot say the evidence is not sufficient to support the judgment. The testimony also was slight as tending to show a disposition on the part of the deceased to contribute any great amount of his earnings to the support of his parents, but we cannot hold it insufficient, the jury having found otherwise.

. We do not regard it necessary, nor do we attempt, to separate the damages resulting to the estate on account of the pain and suffering endured by the deceased and the pecuniary losses to his heirs and next of kin, since there were no debts or claims against the deceased or his estate for which his father and the next of kin were not liable to the payment, and since his heirs and next of kin will be entitled to the whole amount recovered by the administrator for the estate and the next of kin.

There are other errors complained of, and it is insistently urged that the verdicts were excessive, but, under this court's holding that only the smaller amount of damages assessed against the one defendant can be recovered from both of them, we do not find it necessary to go further into the question of the excessiveness of the verdict, nor to consider the other assignments, which are not urged in view of the conclusion reached.

The judgment against the appellant electric company will be modified in accordance with the opinion herein and reduced to the amount of the damages assessed against appellant Wann, $4,000, for which amount only both appellants are liable, and judgment will be entered here accordingly, and the case affirmed. It is so ordered.