St. Louis-San Francisco Railway Company *v.* Crick.

Opinion delivered October 6, 1930.

314

KIRBY, J., (after stating the facts). Two errors are assigned for reversal of the judgment, first, for want of proper parties, it being insisted that the mother of the deceased, appellee, was not properly appointed administratrix and not entitled to bring suit; and that the testimony was insufficient to support the verdict.

The statute provides to whom letters of administration may be granted for the survival of causes of action for damages caused by the wrongful act, neglect or default of another, and that such actions shall be brought in the name of the personal representative of such deceased person; such personal representative or administrator being entitled to recover all damages resulting from the wrongful death of the deceased both for the benefit of his estate and the next of kin. Secs. 7-11 and 1074-75, C. & M. Digest; *Southwestern Gas & Electric Co.* v. *Godfrey,* 178 Ark. 103, 10 S. W. (2d) 894.

Neither is there any merit in the contention that the testimony is insufficient to support the verdict. In *St. L. I. M. & S. R. Co.* v. *Gibson,* 107 Ark. 431, 155 S. W. 510, this court, in construing the lookout statute, § 8568, C. & M. Digest, relative to injuries to persons, upon which this suit is based, referred to the decision in *Central Ry. Co.* v. *Lindley,* 105 Ark. 294, 151 S. W. 246, construing the same statute relative to the duty to keep

a lookout for property upon tracks, said: "We think the construction there placed upon the act applies to persons alike, and that the railroad company now owes the same duty to keep a lookout to avoid injuring the trespasser upon its tracks, and that, upon proof of injury to such person by the operation of its trains under such circumstances as to raise a reasonable inference that the danger might have been discovered and the injury avoided if a lookout had been kept, a *prima facie* case is made, and the burden of proof then devolves upon the railroad company to show that a proper lookout was kept as required by the statute, and that it used ordinary care to prevent the injury to the person after his discovery in a perilous position in order to escape liability for such injury." See also *C. R. I. & P. Ry. Co.* v. *Bryant*, 110 Ark. 444, 162 S. W. 51; *Ib.* v. *Gunn,* 112 Ark. 401, 166 S. W. 568, Ann. Cas. 1916E, 648; *Ft. Smith L. & T. Co.* v. *Phillips,* 136 Ark. 310, 266 S. W. 453; *Kelly* v. *DeQueen & Eastern Ry. Co.,* 174 Ark. 1000, 298 S. W. 347.

It is true that no eyewitness testified about the injury to the deceased, the railroad company not introducing any testimony of the operatives of its train, but the testimony adduced shows that the body of deceased was found upon the right-of-way and within a few feet of the track of appellant with the skull crushed in such a manner as would have been the result had he have been struck by certain parts of the engine (the cylinder head or the "monkey motion" outside the drivers) of the train, and his shoulder likewise broken and crushed with black oil smeared upon the hair and the clothing on the shoulder, the kind of oil used in the operation of the engines of appellant, which would have brushed off the machinery when it had come in contact with the body of deceased. The jury could have found from these facts established, and the reasonable and probable inference therefrom, that the deceased was struck and killed by the train.

The testimony also discloses that the trains passing along this straight track were equipped with power-

ful headlights which would have enabled the operatives to see the deceased on or near the track for 1,500 feet had a lookout been kept, and that the train could have been stopped within 500 feet operating at the speed it was traveling under the ''slow orders,'' in ample time to prevent the striking and killing of deceased. Proof of the injury under such circumstances as to raise a reasonable inference that the danger might have been discovered and the injury avoided, if a proper lookout had been kept and reasonable care exercised after the discovery of the peril to prevent the injury, made a *prima facie* case of liability devolving the burden upon the railroad company to show that a proper lookout was kept as required by the statute. This burden was in no wise attempted to be discharged, and the *prima facie* case warranted the jury in finding its verdict, the testimony being sufficient to support it. *Mo. Pac. Rd. Co.* v. *Green*, 172 Ark. 423, 288 S. W. 908; *St. L. I. M. & S. R. Co.* v. *Hempfling*, 107 Ark. 476, 156 S. W. 171; *Ft. Smith L. & T. Co.* v. *Phillips, supra.*

We find no error in the record, and the judgment is accordingly affirmed.