CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* JENKINS.

Opinion delivered June 22, 1931.

*Thos. S. Buzbee* and *Geo. B. Pugh,* for appellant.
*Hays & Smallwood,* for appellee.

SMITH, J. Omer Jenkins drove an automobile, in which his wife was also riding, up the incline of a crossing over defendant railway company's track, and just as he drove across the track and started down the opposite side of the crossing he met a truck owned by L. A. Lemons but driven by an employee, and, to avoid the impending collision, he turned his automobile to the right and drove over to the extreme edge of the crossing. As he did this some of the earth of the crossing gave way, and the automobile turned over and fell some eight or ten feet into a borrow pit. Both Jenkins and his wife were pinned under the car for a few minutes before it was lifted off of them, and Jenkins breathed or gasped a few times after being taken out from under the car, and then died.

Mrs. Jenkins qualified as administratrix, and brought this suit "in behalf of the estate of said deceased and also for herself as the widow and the next of kin of said deceased," and for her cause of action she alleged the facts stated above.

The suit was brought against both the owner of the truck and the railway company, it being alleged that the concurring negligence of the truck driver and that of the railway company had caused her intestate's death. The alleged negligence on the part of the railway company was the defective condition of the crossing, and there was testimony legally sufficient to support the finding that the railway company was negligent in this respect, and that this negligence was a contributing, if not the sole, cause of the injury.

The cause was submitted under instructions which authorized a verdict against either the owner of the truck or the railway company, or both, accordingly as the jury found whether one or the other, or both, were negligent. There was a verdict in favor of the owner of the truck, but against the railway company, which assessed the damages at $8,000, and from the judgment pronounced thereon is this appeal.

The case made was largely dependent on the testimony of Mrs. Jenkins, the widow of the intestate and his administratrix, and objection was made to her testimony upon the ground that she was disqualified under § 4144, Crawford & Moses' Digest (schedule, § 2, Constitution 1874), which provides that: "In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transactions with or statements of the testator, intestate or ward, unless called to testify thereto by the opposite party."

It may be first said that objection was made by the defendant railway company to the submission of the question whether the deceased had endured conscious pain and suffering before his death, upon the ground that the undisputed testimony showed that the deceased had been rendered unconscious, and that he did not regain consciousness during the few minutes intervening between his injury and his death.

Upon this question the jury was told to make a separate finding, if any compensation was allowed on that account, but to make no finding on that account unless compensation was allowed for pain and suffering. The following verdict was returned: "We, the jury, find for the defendant, Lemons," (the owner of the truck), "and we find for the plaintiff, Mrs. Jenkins and heirs against C. R. I. & P. Railroad in the sum of ($8,000) eight thousand dollars." Under this verdict returned under the instructions referred to above, it conclusively appears that no compensation was allowed for pain and suffering, and that the verdict returned was for the exclusive benefit of the widow and heirs.

Upon this state of the record, it becomes unnecessary to determine whether the evidence of Mrs. Jenkins as to the cause of her husband's death related to transactions with or statements of her husband within the meaning of § 4144, Crawford & Moses' Digest, above quoted; or,

whether, if they were such statements or transactions, she was an administratrix within the meaning of the statute, or a mere trustee for the widow and next of kin, suing in the nominal capacity of administratrix. *St. Louis & San Francisco R. Co.* v. *Fithian,* 106 Ark. 491, 504, 153 S. W. 600; *St. Louis & San Francisco R. Co.* v. *Conarty,* 106 Ark. 421-430, 155 S. W. 93; *Adams* v. *Shell,* 182 Ark. 959, 33 S. W. (2d) 1107.

The administratrix was the widow, and, as such, she had a cause of action, in support of which she had the right to testify, and she had the right also to testify in support of the cause of action of the next of kin, who, in this case, were the children of herself and her husband, her intestate. Had the suit been brought only for the benefit of herself as widow and for her children as next of kin under § 1075, Crawford & Moses' Digest, as it might have been, no question would have arisen as to her right to testify. She sued, however, for the benefit of the estate also, and sought to recover in that behalf to compensate the pain and suffering, and an indefinite number of cases have held that the separate causes of action may be joined in a single suit. Indeed, the practice is to so join them, but, as we have said, there was no recovery for pain and suffering, and it therefore becomes unimportant to determine whether her testimony was competent or not, for, if incompetent, it was not prejudicial, for the reason that a recovery was had only upon the cause of action in support of which her testimony was competent.

Objection was made to instruction numbered 7 given at the request of plaintiff, which reads as follows:

"7. The court further instructs you that when two concurring causes produce an injury which would not have resulted in the absence of either, the party responsible for either cause is liable for the consequent injury. So, in this case, if you find from the evidence that the defendants, L. A. Lemons and the Chicago, Rock Island & Pacific Railway Company, were guilty of some

act of negligence which concurred in producing the injury and death of plaintiff's intestate, which injury and death would not have occurred in the absence of either concurring act of negligence, then the party responsible for either act of negligence is liable for the consequent injury and death of plaintiff's intestate, and plaintiff would be entitled to recover against either or both of them.''

The objection to this instruction is that the jury was left to roam at will without reference to the allega- tions of negligence contained in the complaint, and the instruction authorized the jury to find for the plaintiff without finding the defendants guilty of the negligence alleged in the complaint.

The instruction does appear to be subject to this objection, but it may be first said that only a general objection was made to the instruction in the court below. It may be further said that the instruction was not in conflict with any other instruction given, and it must therefore be read and interpreted in connection with the other instructions in the case. The first of these specifically recites the negligence alleged against the rail- way company, and in the sixth instruction, which imme- diately preceded the instruction set out above, the jury were told that they must find that the railway company was guilty of some act of negligence alleged in plaintiff's complaint, which was the proximate cause of the injury, before returning a verdict against the railway company. So that, when the instructions are read together, as they must be, it affirmatively appears that the jury were con- fined, in its deliberations and findings, to the matters alleged in the complaint.

An objection was made to instruction numbered 9, given at the request of the plaintiff, which reads as follows:

''If you find from the evidence that plaintiff is en- titled to recover as the widow and next of kin for the loss of her intestate, you will take into consideration the earn-

ing power of the deceased, his expectancy of life, and the amount which he might have contributed to his family, and, taking all these facts into consideration, you will award to said widow and next of kin such sums as you may believe from the evidence will fairly compensate them for the pecuniary loss of their husband and father."

This instruction is alleged to be erroneous, in assuming that the widow was suing "as the widow and next of kin." But this objection is not well taken, as we have quoted the allegation of the complaint that she had brought the suit in that behalf.

It is also insisted that the instruction is erroneous in not limiting the recovery to the loss of contributions from deceased's earnings, as the estate still has the returns from his property. We doubt if the instruction is fairly open to that objection, as the jury was told "to take into consideration the earning power of the deceased," and no request was made to make it more specific in the respect to which objection is now made, and the jury was told to return a verdict for such sum "as you may believe from the evidence will fairly compensate them for the pecuniary loss of their husband and father." In the absence of a specific objection we hold this instruction to be a correct declaration of the law.

It is finally insisted that the verdict is excessive. Upon this question it may be said, that the testimony shows that the deceased was survived by his widow and eight children, the eldest being a son, who was twenty-one years old but a helpless cripple, unable to earn a livelihood and dependent upon his father, who supported him, and the youngest child was only six years old. All these children lived with and were supported by the deceased, who had a life expectancy of 18.07 years. Deceased owned a small farm, which he cultivated with the aid of various members of his family. He supplied his family "plenty to eat, and plenty to wear," as the widow expressed it, and she also testified that the deceased's earning capacity was from a thousand to twelve hundred

dollars per year. This testimony is sufficient to support the verdict returned.

Upon a consideration of the whole case, we find no reversible error, and the judgment must therefore be affirmed, and it is so ordered.