REED, ET AL. *v.* BLEVINS, ET AL.

5-46                                258 S. W. 2d 564

Opinion delivered May 25, 1953.

Rehearing denied June 29, 1953.

*P. L. Smith,* for appellant.

*Barber, Henry & Thurman,* for appellee.

ED. F. McFADDIN, Justice. This is an action brought by the widow and child of Arthur Reed to recover damages for his wrongful death. The Trial Court sustained the defendant's plea of *res judicata,* and entered judgment dismissing plaintiffs' action. The correctness of that judgment is challenged by this appeal.

Arthur Reed, 20 years of age, was killed in a traffic mishap in Nevada County, Arkansas, on December 1, 1948, when the car in which he was riding had a collision with a truck belonging to Blevins, the appellee. Arthur Reed's parents lived in Nevada County; and on December 2, 1948, Oscar Stuart (brother-in-law of the deceased) was duly appointed administrator of the Estate of Arthur Reed, by the Probate Court of Nevada County. On December 7, 1948, Oscar Stuart, Administrator of the Estate of Arthur Reed, deceased, filed action in the Nevada Circuit Court against appellee Blevins for damages for the wrongful death of Arthur Reed. The statutory authority for such action is found in §§ 27-903-4, Ark. Stats. The complaint alleged that Arthur Reed was survived by his father and mother, as next of kin. No mention was made of any wife or child, because none of Arthur Reed's Nevada County relatives knew that Arthur Reed had married while working in California, or that he left a wife and child in that State when he returned to Arkansas some time prior to his death.

On January 11, 1949, the said case of Stuart, Administrator v. Blevins was tried in the Nevada Circuit Court (a jury being waived), and a judgment of $2,500 was entered against Blevins in favor of Stuart, Administrator. That judgment was paid to the Administrator, who gave the money to Arthur Reed's parents. Oscar Stuart has never been discharged as Administrator of the Estate of Arthur Reed, and has a bond as such Administrator.

On November 29, 1950, the appellants, Elizabeth Reed and Bruce Reed, as the widow and child of Arthur Reed, filed the present action against appellee Blevins (defendant in the Stuart, Admr. suit) for damages for the wrongful death of Arthur Reed. Blevins pleaded, *inter alia,* the judgment in the case of Stuart, Administrator v. Blevins as *res judicata* of the present action. The Trial Court sustained the plea and dismissed the complaint. The correctness of the Trial Court's judgment is the question before us on this appeal; and we reach the conclusion that the Trial Court was correct.

By Act No. 53 of 1883 (Ark. Stats., §§ 27-903-4) the Arkansas Legislature provided:

"Whenever the death of a person shall be caused by wrongful act . . . and the act . . . is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, in every such case, the person who . . . would have been liable if death had not ensued, shall be liable to an action for damages. . . . Every such action shall be brought by, and in the name of, the personal representatives of such deceased person, . . . and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin . . . ."

Under the foregoing Statute we have always held that when a personal representative was appointed, such personal representative was the only person who could maintain a suit for damages for wrongful death. In *St. Louis etc. Co.* v. *Garner,* 76 Ark. 555, 89 S. W. 550, an unmarried man, 22 years of age, was killed, and there was a personal representative appointed of his estate. Thereafter, the father of the deceased attempted to file an individual action for damages; and Mr. Justice BATTLE, speaking for a united Court, said:

"The plaintiff (appellee) had no right to bring or maintain this action, there being a personal representative of the deceased. Kirby's Digest, § 6290; *Davis* v. *Railway Co.,* 53 Ark. 117, 13 S. W. 801, 7 L. R. A. 283."

Again, in *St. Louis etc. Co.* v. *Crick,* 182 Ark. 312, 32 S. W. 2d 815, in discussing who could maintain a suit for wrongful death, we said:

"The statute provides to whom letters of administration may be granted for the survival of causes of action for damages caused by the wrongful act, neglect or default of another, and that such actions shall be brought in the name of the personal representative of such deceased person; such personal representative or admin-

istrator being entitled to recover all damages resulting from the wrongful death of the deceased both for the benefit of his estate and the next of kin. Secs. 7-11 and 1074-75, C. & M. Digest; *Southwestern Gas & Electric Co.* v. *Godfrey,* 178 Ark. 103, 10 S. W. 2d 894.''

*Thompson* v. *Southern Lumber Co.,* 113 Ark. 380, 168 S. W. 1068, is not *contra* to our cited holdings, because in the Thompson case, there had never been an administrator appointed or an action brought by anyone as administrator, whereas in the situation here before us, there was, and still is, an administrator and there has been a recovery by the administrator under the same Statute—§§ 27-903-4, Ark. Stats.—that the appellants are seeking to invoke. Our Statute contemplates but a single cause of action, vested in the Administrator, if one exists, and a recovery by him for the right given by the Statute is exhausted by his recovery. Even though an heir be not named in the suit filed, the heir is still entitled to participate in the fund recovered by the Administrator. See 16 Am. Jur. 175.

The case of *Atlantic Greyhound Lines* v. *Keesee,* 72 U. S. App. 45, 111 F. 2d 657, might be cited for the present appellants; but we prefer to follow the reasoning and decision of the Supreme Court of Oklahoma in the case of *Wilson-Harris* v. *Southwest Tele. Co.,* 193 Okla. 194, 141 Pac. 2d 986, 148 A. L. R. 1337.[1] In the Oklahoma case, the question was whether a judgment obtained by an administrator for the benefit of the next of kin, in an action in which it was alleged that the deceased was a single man, barred a subsequent action by a successor administrator for the benefit of one proved to be the widow of the deceased. The Oklahoma Statute authorizing a recovery for wrongful death[2] is very simi-

[1] In 148 A. L. R. 1346, there is an Annotation entitled: "Judgment in wrongful death action as *res judicata* in a subsequent action in same jurisdiction for the same death under same statute brought by or for benefit of statutory beneficiary whose status as such ignored in the former action."

[2] Title 12, § 1053 of the Oklahoma Statutes is the wrongful death Statute, and reads as follows: "When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the

lar to §§ 27-903-4, Ark. Stats. The Oklahoma Court held that the action brought by the first administrator for the benefit of the next of kin barred a subsequent action by a successor administrator for the benefit of a previously unknown widow. In so holding, the Oklahoma Court said:

"In deciding this question we must not confuse the cause of action and the person in whom it is vested with the beneficial interest in the recovery. By the great weight of authority statutes like ours, creating a right to recover damages for wrongful death, are held to contemplate but a single cause of action. 16 Am. Jur. 103; 25 C. J. S., Death, § 49, pp. 1148, 1149; 8 R. C. L. 790; 17 C. J. 1250. This action is generally vested in the administrator if one exists (25 C. J. S., Death, § 58, pp. 1169-1174) and a recovery by him, or the one entitled to sue, is conclusive upon other persons, for the right given by the statute is then exhausted. *Hartigan* v. *So. Pac. R. Co.*, 86 Cal. 142, 24 P. 851; Freeman on Judgments, 5th Ed., § 618, p. 1273.

"In accordance with these general rules it is generally held that the person in whom the cause of action is vested may settle or compromise the claim, even without the consent of the beneficiaries, and the settlement so made may be plead in bar of a subsequent action. 25 C. J. S., Death, § 47, p. 1146; 16 Am. Jur. 41-42, 107; 103 A. L. R. 445, note; *Mann* v. *Minnesota Elec. Light & Power Co.*, 10 Cir., 43 F. 2d 36. The courts likewise generally hold that a judgment for one entitled to sue bars a subsequent action by a posthumous child, even though the statutes declare that a child conceived, but not yet born, is to be deemed an existing person. 16 Am. Jur. 103; 25 C. J. S., Death, § 49, p. 1149; 17 C. J. 1251; *Gulf & Ship Island R. Co.* v. *Bradley*, 110 Miss. 152, 69 So. 666, Ann. Cas. 1918D, 554; Ann. Cas. 1918D, 556, note; L. R. A.

former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased."

1916E, 130, note; *Parmley* v. *Pleasant Valley Coal Co.,* 64 Utah 125, 228 P. 557.

"While an adjudication in favor of one entitled to sue is conclusive and bars a subsequent action against the defendants, the beneficial interest in the recovery belongs to the persons designated by the statute, and they may participate in the fund recovered in the first action even though not named in the pleadings. 16 Am. Jur. 175; *Oyster* v. *Burlington Relief Dept.,* 65 Neb. 789, 91 N. W. 699, 59 L. R. A. 291."

The judgment rendered by the Nevada Circuit Court on January 11, 1949, in the case of *Stuart, Admr.* v. *Blevins,* is *res judicata* against the present action. In that case, the question was the total damages for the wrongful death of Arthur Reed, and it embraced every element of damage that existed for such wrongful death. One of the elements of damage in that case was the amount that a widow and child might have recovered. The fact that proof of existence of such widow and child was not made, does not prevent the judgment from being *res judicata.* In *McCarroll* v. *Farrar,* 199 Ark. 320, 134 S. W. 2d 561, we showed the extent of *res judicata*: we there held that when Caldarera had sued McCarroll in a previous suit concerning the constitutionality of Act No. 310 of 1939 (as reported in 198 Ark. 584, 129 S. W. 2d 615), the holding in that case of *Caldarera* v. *McCarroll* was *res judicata* on every point concerning the constitutionality of said Act No. 310, whether or not such point was raised in the Caldarera suit. Our holding in *McCarroll* v. *Farrar* is in entire accord with the holding of the Supreme Court of the United States in *Chicot Dist.* v. *Baxter State Bank,* 308 U. S. 371, 84 L. Ed. 329, 60 S. Ct. 317, in which Chief Justice HUGHES said that the well settled principle is that " . . . *res judicata* may be pleaded as a bar, not only as respects matters actually presented to sustain or defeat the right asserted in the earlier proceeding, 'but also as respects any other available matter that might have been presented to that end.' "

When Stuart, Administrator, sued Blevins and Blevins paid the judgment, the rights of the present appellants attached to that judgment and any relief they may have is against Stuart, Administrator, and not against Blevins, the present appellee.

The judgment of the Circuit Court is in all things affirmed.

Mr. Justice MILLWEE not participating.

GEORGE ROSE SMITH, J., dissenting. Today's decision is obviously unjust, but my disagreement is based not on abstract justice but on the fact that the majority's unfortunate conclusion can be reached only by putting form above substance. There is nothing in either the statute or our decisions that requires us to go that far.

It is of course true that the statute requires an action for wrongful death to be brought in the name of the personal representative when one has been appointed, and our cases have uniformly enforced this requirement. But the personal representative is not the real party in interest. The recovery does not become an asset of the estate; instead, the administrator holds it as a trustee for the statutory beneficiaries. *Davis* v. *Railway*, 53 Ark. 117, 13 S. W. 801, 7 L. R. A. 283. For that reason we have characterized the personal representative as "a formal party" to the action, "a mere trustee." *Adams* v. *Shell*, 182 Ark. 959, 33 S. W. 2d 1107.

With the exception of today's decision we have in every case recognized the beneficiaries as the real plaintiffs when that question was important. Even though the administrator is the sole plaintiff we have held that he is not even a party within the dead man's statute and so may testify about personal transactions with the decedent. *Chicago, R. I. & P. Ry. Co.* v. *Jenkins*, 183 Ark. 1071, 40 S. W. 2d 439. Again, it is not the administrator's contributory negligence but that of the real plaintiff that bars recovery. *St. Louis, I. M. & S. Ry. Co.* v. *Dawson*, 68 Ark. 1, 56 S. W. 46.

Even more important, the measure of the administrator's recoverable damages is wholly dependent upon the identity of the heirs. If the only heirs were distant kin not dependent upon the decedent for support the administrator could recover only nominal damages, for the legal injury is not to the person killed but to those who survive. Consequently the jury may consider the pecuniary loss sustained by each of the statutory beneficiaries, even though the recovery is divided under the statute of descent and distribution rather than according to their individual deserts. *Jenkins* v. *Midland Valley R. Co.,* 134 Ark. 1, 203 S. W. 1; *Railway Co.* v. *Sweet,* 60 Ark. 550, 31 S. W. 571.

Thus the personal representative is a party only in the sense that the statute requires his name to appear in the complaint. He cannot even state a cause of action without giving the names of the true plaintiffs, for it is their right of action that he enforces. In this case the administrator asserted a wholly non-existent cause of action—an injury to Reed's father, who as a matter of law had no right of action whatever. Yet the court now says that Reed's widow and infant child were represented in that case, even though proof of their existence was not made. As the court said in an analogous situation in *Atlantic Greyhound Lines, Inc.,* v. *Keesee,* 72 App. D. C. 45, 111 F. 2d 657; "The fact remains that [the administrator] . . . did not sue as a trustee for [the widow]. He sued as trustee for other relatives, including himself, on the theory that she was disqualified by desertion to share in the proceeds of recovery. His suit was in denial, not in affirmation of her rights. He could not at the same time represent her and refrain from presenting any claim which would permit the jury to 'direct' that any portion of the judgment be 'distributed' to her. To hold otherwise would allow her only the form and deny her the substance of representation. The substance, not the form, is controlling."

Perhaps the majority's conclusion could be justified if there were any strong ground of public policy supporting the result reached, but there is none. The decision

accomplishes one thing and one thing only; it enables a tortfeasor who has wrongfully caused another person's death to pay a consent judgment to the personal representative without making the slightest investigation to determine whether the persons really injured are even represented. I can think of no other situation in the law in which the defendant is relieved of all responsibility for determining whether he has been sued by the right person. It is nothing new for a wrongdoer to have to pay twice; the law merely says that his payment to the wrong person did not extinguish the real cause of action. On what ground of policy should we follow a different rule when the tortfeasor is guilty of the most serious wrong that can be committed? Under this very death statute we have held that when some of the heirs bring suit without a personal representative having been appointed, the judgment is not *res judicata* as to another heir who was not joined as a plaintiff. *Thompson* v. *Southern Lbr. Co.,* 113 Ark. 380, 168 S. W. 1068. Of course that decision is not controlling here, but it is the most closely analogous case in our reports and points the way to the correct decision in the case at bar.

The majority offer this widow and child the empty comfort of what will doubtless prove to be a fruitless suit against the administrator, for a maximum sum that bears no relation to the injury suffered by these plaintiffs. If reasons of policy are to control, I think it plain that it is the defendant who should be required to seek to recover the payment that resulted entirely from his negligence and through no fault of these appellants.