MISSOURI PACIFIC RAILROAD COMPANY *v.* CREW.

4-3069

Opinion delivered July 10, 1933.

754

*R. E. Wiley* and *E. W. Moorhead,* for appellant.

*E. P. Toney, A. Z. Golden* and *J. M. Golden,* for appellee.

JOHNSON, C. J., (after stating the facts). Appellant earnestly contends that the trial court committed reversible error in refusing to direct the jury to return a verdict in its favor. This argument is based upon the theory that there is no evidence to show that Raymond Crew was struck or injured by a moving train on appellant's line of road.

It is true, of course, that there is no positive testimony that Raymond Crew was struck or killed by a moving train, but the circumstances are such as to warrant

this inference. The testimony introduced shows that the body of deceased was found upon the right-of-way and within a few feet of appellant's track. The skull was crushed, the neck broken, and several ribs on the right side were injured, and the jury was fully warranted in finding that the death of Raymond Crew resulted from a terrific blow from a moving train.

This court held in *St. Louis-San Francisco Railway Company* v. *Crick*, 182 Ark. 312, 32 S. W. (2d) 815, quoting from the second headnote:

"Where the body of deceased was found upon defendant's right-of-way within a few feet of the track with his skull crushed and his shoulder crushed, with black oil smeared upon his hair and clothing, the jury were warranted in finding that he was killed by the defendant's train."

On the facts, the Crick case is full authority for the submission of this case to the jury. The fact is, the instant case is much stronger than the Crick case, because Thomas Crick, the injured party there, was determined to be a trespasser on the railroad company's tracks, whereas in the instant case Raymond Crew was an invitee and had a perfect right to be at the flag station at the time he was killed. The facts and circumstances were such as to warrant the jury in believing that Raymond Crew was awaiting the arrival of a train to transport him to McGehee; that he had his railroad pass in his hand in preparation of boarding the train; that, because of the defective condition of the headlight on the engine and the excessive amount of steam flowing from the engine, the employees on the train did not and could not discover his presence, and, as a result thereof, operated said train against him, which resulted in his death.

It is next insisted that the court erred in giving and refusing to give to the jury certain instructions.

Instructions 1, 6, 8, 9 and 12, given on behalf of appellee, are conceded to be correct declarations of law, but it is said that there is no evidence to support them. As we have heretofore pointed out, the evidence was amply sufficient to submit to the jury the questions as to whether

or not a lookout was kept by the engineer and fireman, and whether or not it was possible for the engineer and fireman to keep such lookout with a defective headlight and a badly smoking engine. It is said that the evidence of the fireman and engineer to the effect that a constant lookout was maintained is undisputed, and therefore plaintiff's instructions should not have been given. This contention is fully and completely answered by the engineer's work sheet report made on the night of the injury. This report shows that the headlight on the engine was dim and in bad condition, and, in addition, that the engine was smoking badly. Appellant's requested instructions which were refused by the trial court were fully covered by instructions given.

The facts of this case bring it well within the rule announced by this court in *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Gibson,* 113 Ark. 417, 168 S. W. 1129, wherein we held: "The effect of our holding in the former opinion is that, where proof has been introduced by the plaintiff of an injury to a person by the operation of a train under such circumstances as to raise a reasonable inference that the danger might have been discovered and the injury avoided if a lookout had been kept, then the burden is shifted to the railway company to show that such lookout was kept."

No error appearing, the judgment is affirmed.