**The LATHROP COMPANY, Petitioner,**

v.

**Chester P. LAMPERT, Respondent.**

No. 4028.

Supreme Court of Alaska.

Sept. 22, 1978.

Kermit E. Barker, Jr., Ruskin, Barker & Hicks, Anchorage, for petitioner.

Paul W. Waggoner, Biss & Holmes, Anchorage, for respondent.

OPINION

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

PER CURIAM.

In 1964, Chester Lampert entered into a lease agreement with The Lathrop Company[1] whereby Lampert leased to The Lathrop Company property located at the intersection of the New Seward Highway and Fireweed Lane in the city of Anchorage for 50 years, commencing January 1, 1965. Under the terms of the lease, the initial rent for the property was $1500 per month. In addition, the lease included a provision that the rent was to be adjusted in proportion to changes in the Wholesale Price Index on each fifth anniversary of the commencement of the lease. Although the property was vacant when the lease agreement was entered into, The Lathrop Company subsequently made substantial capital improvements in the property, including the construction of three movie theaters and related facilities.

On January 1, 1975, the occasion for the second adjustment of rent as specified by the lease agreement, The Lathrop Company neglected to make any adjustment in its rental payments, although it continued to pay rent at the old rate. Lampert did not discover this omission until December 1976, at which time he sought to terminate the lease on the ground of The Lathrop Company's failure to pay rent. Thereafter, Lampert served The Lathrop Company with a notice to quit the premises and filed an action to obtain possession of the premises.

The case was tried before the superior court, sitting without a jury. The court rendered a decision in which it granted equitable relief from a forfeiture for failure to pay rent but conditioned its relief as follows:

1. The Lathrop Company is now a wholly owned subsidiary of Wometco Enterprises, Inc. and has changed its name to Wometco Lathrop Company.

We . . . relieve the Defendant from the forfeiture and impose a condition upon the parties that they shall be given 45 days in which to meet and negotiate the matter of instituting a rental clause which will do equity to both parties and to determine the proper rental payment and methods for reasonable rental adjustments. . . .

Furthermore, if the parties, within the 45 day period are unable to negotiate and adjust the rent they are instructed to report to this Court within 10 days thereafter and the Court will set the matter for hearing on the reformation of the lease.

The Lathrop Company then petitioned for review, contending that the superior court erred in using its equity powers to require renegotiation of the rental clause of the lease agreement. We grant review and hold that the superior court did not possess either equity powers or independent legal authority to condition Lathrop's relief from forfeiture upon its renegotiating the rental clause of the lease.

 It is a basic principle of equity jurisprudence that a court, sitting in equity, "does not create substantive rights under the guise of doing equity" nor has it any authority to impose any arbitrary conditions not warranted by the settled doctrines of equity jurisprudence.[2] Under Alaska law, the equitable remedy of reformation is available only in certain well-defined circumstances. These include situations involving mistake of fact,[3] fraud,[4] mutuality of mistake,[5] and cases in which "a party executes a written instrument knowing the intention of the other party as to the terms

to be embodied therein, and knowing that the writing does not accurately express that intention."[6] The case at bar does not fall into any of these categories.

Furthermore, this court has, on occasion, applied certain principles of contract law to the interpretation of leases.[7] It is a well established rule in the law of contracts that:

> The contracts of parties sui juris are solemn undertakings, and in the absence of any recognized ground for denying enforcement, they must be enforced strictly according to their terms. It is not the province of the court to rewrite a contract for the purpose of accomplishing that which, in the court's opinion, might appear proper.[8]

This is consistent with our holding that "[t]he province of reformation is to make a writing express the bargain which the parties desired to put into writing."[9]

In the instant case, there is no suggestion by either party that the lease agreement failed to conform to their intentions nor is the present conflict between the parties the result of any misunderstanding over the terms of the lease agreement. Consequently, we hold the superior court did not possess either the equity power or the independent legal authority to condition relief from forfeiture upon the parties' reforming their lease agreement. Here, relief from forfeiture should be conditioned on the payment of the arrearage in rents plus interest and any costs necessarily incurred by Lampert prior to the tender of payment by The Lathrop Company.

The superior court's judgment is, accordingly, Reversed.

---

2. *Stein v. Simpson*, 37 Cal.2d 79, 230 P.2d 816, 819 (1951).

3. *Stephenson v. Ketchikan Spruce Mills, Inc.*, 412 P.2d 496, 500 (Alaska 1966).

4. *Gablick v. Wolfe*, 469 P.2d 391, 394 (Alaska 1970).

5. *Id.; Durkee v. Busk*, 355 P.2d 588, 591 (Alaska 1960).

6. *Holiday Inns of America, Inc. v. Peck*, 520 P.2d 87, 94 (Alaska 1974). However, as we

have said, reformation generally will not be granted for a solely unilateral mistake. *Alaska Foods, Inc. v. American Mfr's Mut. Ins. Co.*, 482 P.2d 842, 853–54 (Alaska 1971).

7. *Wessells v. State, Dept. of Highways*, 562 P.2d 1042 (Alaska 1977); *Rego v. Decker*, 482 P.2d 834 (Alaska 1971).

8. *City of Reedsport v. Hubbard*, 202 Or. 370, 274 P.2d 248, 255 (1954). *See* 17A C.J.S. *Contracts* § 296 (1963).

9. *Durkee v. Busk*, 355 P.2d 588, 591 (Alaska 1960).