Judith MITCHELL, Colleen Sullivan, Shawn Sullivan and Kevin Sullivan, Appellants,

v.

Patrick MITCHELL and Western Geophysical Company of America, Appellees.

No. 5922.

Supreme Court of Alaska.

Nov. 12, 1982.

---

David Shimek, Shimek & Peabody, Anchorage, for appellants.

Kenneth P. Jacobus, Gordon Tans, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, and Monica Jenicek, Kermit E. Barker, Jr., Lane, Powell, Ruskin, Barker & Hicks, Anchorage, for appellees.

Before RABINOWITZ, CONNOR, MATTHEWS and COMPTON, JJ., and DIMOND, Senior Justice.[*]

## OPINION

CONNOR, Justice.

This appeal involves the issues of whether the superior court erred procedurally and substantively in granting judgment in favor of Western Geophysical Company of America.

On April 28, 1975, Michael O. Mitchell died as a result of a helicopter crash on the North Slope of Alaska. He left surviving him a widow, Judith Mitchell, and a son by a prior marriage, Patrick Orten Mitchell. He also left three stepchildren born of Judith Mitchell; Colleen, Shawn, and Kevin Sullivan. On September 13, 1976, Carol Ann Brunet was appointed as the personal representative of the estate of the deceased. On September 16, 1976, she filed a wrongful death and survival action as the special administratrix of the estate of the deceased, for the use and benefit of Judith Mitchell. Several defendants, including the appellee, Western Geophysical Company of America [hereinafter "Western Geophysical"], were named.[1] At the time the suit was filed, Patrick Mitchell could not be located.

---

[*] Dimond, Senior Justice, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

1. The complaint alleged that Western Geophysical, Sea Airmotive, Inc., and Gay Airways, Inc., were negligent in operating and maintaining the helicopter.

After several days at trial, a settlement was reached on May 30, 1978. At a hearing approving the stipulation for settlement before Judge Carlson, the parties agreed to a settlement of $375,000.00 in cash, and to a balance of $300,000.00 represented as a confession of judgment against Gay Airways with an assignment of Gay's rights against its insurance carrier. In return, the personal representative and Judith Mitchell stipulated to a dismissal with prejudice of all claims against Western Geophysical. In addition, they executed a release, barring any future actions that could be brought against Western Geophysical arising from the death of the decedent. The settlement agreement did not apportion the proceeds as between the wrongful death and survival action. On June 30, 1978, an order for partial disbursement of the settlement fund was issued by Judge Moody, reserving $69,-259.00 for future disposition.[2] Judge Carlson later amended this order and approved the distribution of an additional $7,500.00 to Judith Mitchell, thus leaving $61,750.00 remaining in the registry.

In October of 1978, the personal representative raised the issue that too much money had been set aside for Patrick under the wrongful death action because his rights had not been litigated nor had they been extinguished by the settlement.[3] In May, 1979, Judge Carlson issued his findings of fact and conclusions of law on the matter. He found that although Patrick's rights had not been litigated in the previous action, the court, insofar as it could protect Patrick's interests, would set aside $54,-250.00 under the wrongful death action pending an application by Patrick. Judith Mitchell appealed to this court. On appeal, we appointed a guardian ad litem to represent the interests of Patrick. This appeal was later dismissed and remanded when Patrick was found. It was also discovered that Patrick was profoundly retarded.

On remand, the attorneys for Patrick Mitchell proceeded against the personal representative and Judith Mitchell by scheduling to take the deposition of Carol Ann Brunet. After being served with notice of the taking of the deposition, Western Geophysical, on February 11, 1981, filed a motion to quash the deposition insofar as it required the attendance of Western Geophysical, and also sought clarification that it had been fully released from all claims arising out of the death of the deceased by the personal representative. The personal representative filed an opposition to Western Geophysical's motion, relying on her previous argument that Patrick's rights had not been litigated. On February 20, 1981, a hearing was held on the motion before Judge Carlson. After the hearing, Judge Carlson granted the motion and, in effect, rendered summary judgment in favor of Western Geophysical. Judith Mitchell and the stepchildren appealed. Although Patrick Mitchell did not appeal the trial court's decision, he joins Judith Mitchell in arguing that the court erred in granting summary judgment.

I

■ Initially, Judith and Patrick Mitchell contend that it was error for the trial court to treat Western Geophysical's motion as a motion for summary judgment since they were not given adequate notice and opportunity to respond to Western Geophysical's challenge. They also assert that since Western Geophysical was allowed to intervene in the probate proceeding, it was required to file a formal pleading.

Under our holding in Part II of this opinion, it is also our view that any procedural irregularity amounted to harmless error.

2. The order read in part:
   "That the clerk of the superior court shall retain the remaining $69,250.00 until further order of this court pending a determination of the respective rights and entitlements of Judith Mitchell, Colleen, Shawn and Kevin Sullivan, minors and Patrick Mitchell, minor, to said balance of the intestate estate."

3. There is no dispute that the personal representative sued as the administratrix of the probate estate of Michael O. Mitchell and thus, Patrick is entitled to proceeds from the survival action.

Under the conceded facts, as we shall explain below, Patrick Mitchell cannot now maintain an action against Western Geophysical.

## II

Judith Mitchell and children argue that the trial court erred substantively in granting relief in favor of Western Geophysical. They specifically contend that the wrongful death action was brought solely for their benefit and use. They also assert that since the parties never intended to litigate Patrick's rights and the personal representative could accomplish such a settlement only within the contemplation of the parties, the settlement and release do not apply to Patrick's rights, regardless of their technical or literal language.[4]

However, Western Geophysical argues that since it entered into the settlement and release in good faith, Patrick is now precluded from bringing an action against it arising out of the death of Michael O. Mitchell. Western Geophysical also contends that since the terms of the settlement and release are clear and unambiguous, the intent of the personal representative is irrelevant. Thus, as a matter of law, it was entitled to declaratory relief.

The law presumes a release to be a satisfaction unless the plaintiff can prove otherwise. *Lee v. State,* 490 P.2d 1206 (Alaska 1971), *rev'd on other grounds sub nom. Munroe v. City Council for City of Anchorage,* 545 P.2d 165, 170 n. 11 (Alaska 1975). As a matter of law, there is no doubt that a valid release of all claims will bar any subsequent claims covered by the release. *Totem Marine Tug & Barge, Inc., v. Alyeska Pipeline Service Co.,* 584 P.2d 15, 24 (Alaska 1978). A policy favoring termination of litigation and encouraging settlement agreements should prevail. *Alaska Airlines v. Sweat,* 568 P.2d 916, 930 (Alaska 1977).

In the instant case, Carol Ann Brunet's application for appointment as administrator of the estate of Michael O. Mitchell specifically indicated that Patrick Mitchell was a beneficiary. The application further provided that the only reason for this application was the prosecution of a wrongful death claim under the Alaska wrongful death statute.[5] Throughout the litigation, the personal representative, and not Judith Mitchell and children, was recognized as the plaintiff in the action.

The settlement here provided:

"Such settlement includes all claims arising out of the death of Michael O. Mitchell based on any wrongful death statute or independent claim by the heirs arising under any state statute or law or the laws of the United States."

The terms of the release also provided in part:

"For and in consideration of the sum of THREE HUNDRED, SEVENTY–FIVE THOUSAND DOLLARS (375,000.00), and other good and valuable consideration, the receipt of which is hereby acknowl-

---

**4.** The appellants here do not contend that the terms of the settlement and release are unclear or ambiguous. Neither do they dispute their validity.

**5.** AS 09.55.580 provides in part:

"*Action for wrongful death.* (a) When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury done by the same act or omission. The action shall be commenced within two years after the death, and the damages therein shall be such damages as the court or jury may consider fair and just, and the amount recovered, if any, shall be exclusively for the benefit of the decedent's husband or wife and children when he or she leaves a husband, wife or children, him or her surviving, or other dependents. When the decedent leaves no husband, wife or children surviving him or her or other dependents, the amount recovered shall be administered as other personal property of the deceased person but shall be limited to pecuniary loss. When the plaintiff prevails, the trial court shall determine the allowable costs and expenses of the action and may, in its discretion, require notice and hearing thereon. The amount recovered shall be distributed only after payment of all costs and expenses of suit and debts and expenses of administration."

edged, the undersigned, CAROL ANN BRUNET, Administratrix of the Estate of MICHAEL O. MITCHELL, Deceased, for his heirs, executors, administrators, successors, trustees, assigns, dependents, and his estate, and heirs, beneficiaries, dependents, executors, administrators, successors, trustees and assigns of the estate of MICHAEL O. MITCHELL, deceased, and the undersigned, JUDITH MITCHELL (a/k/a JUDITH MITCHELL THIENES), . . . have released and do release and forever discharge WESTERN GEOPHYSICAL COMPANY OF AMERICA. . . .

. . . . from any and all actions, causes of actions, suits, controversies, claims, damages and demands of every kind and nature, mature or to mature in the future, and for and by reason of any matter, thing or claim and especially from all claims, demands, injuries, damages and complaints accrued or hereinafter to accrue, arising in any way out of that certain helicopter accident occuring on or about the 28th day of April, 1975, on the North Slope near Franklin Bluffs, Alaska, including but not limited to all claims for personal injuries, damages to property, and any and all items of damages recoverable under the Alaska Wrongful Death Statute."

■ In *Matter of Estate of Pushruk*, 562 P.2d 329, 330–31 (Alaska 1977), we held that when the decedent is survived by a spouse, child, or dependent, the wrongful death action is brought on their behalf for their benefit by the personal representative. The personal representative is then a nominal party only and holds the recovery in trust. *Id.* at 331. *Haakanson v. Wakefield Seafoods Inc.*, 600 P.2d 1087, 1090 (Alaska 1979). Our wrongful death statute expressly provides that damages recovered from the action:

" . . . shall be exclusively for the benefit of the decedent's husband or wife and children when he or she leaves a husband, wife, or children, him or her surviving, or other dependents. . . . " [6]

■ We find that the terms of the settlement and release are clear and unambiguous. Ordinarily that would not be the end of the inquiry. We have held that unambiguous language releasing all tortfeasors is effective to release only named tortfeasors, *Young v. State*, 455 P.2d 889 (Alaska 1969); and that unambiguous language releasing a tortfeasor from all injuries "known and unknown" can be set aside if the releasor at the time of signing the release did not intend "to discharge the disability which was subsequently discovered." *Witt v. Watkins*, 579 P.2d 1065, 1069 (Alaska 1978).

Here, we may take it as true that while it was the intent of the personal representative to settle the wrongful death action she also believed that the claim of Patrick Mitchell as a statutory beneficiary under AS 09.55.580 was not encompassed therein. Such a belief would be legally mistaken. Our statute contemplates that a wrongful death action include the claims of all statutory beneficiaries. The statute refers in the singular to "an action" and to "the action." Similar language in the statutes of other states has been held, correctly in our view, to require that the claims of all potential beneficiaries be considered to be within an action brought by the personal representative for wrongful death. *Reed v. Frey*, 10 Ariz.App. 292, 458 P.2d 386 (1969); *Reed v. Blevins*, 222 Ark. 202, 258 S.W.2d 564 *cert. denied*, 347 U.S. 937, 74 S.Ct. 627, 98 L.Ed. 1087 (1953); *Ellis v. Sill*, 190 Kan. 300, 374 P.2d 213 (1962); *Wilson-Harris v. Southwest Telephone Co.*, 193 Okl. 194, 141 P.2d 986 (1943). This rule has the benefits of avoiding a multiplicity of litigation, and of facilitating settlements by eliminating the uncertainty of unknown beneficiaries.

A judgment dismissing with prejudice the personal representative's action against Western Geophysical was entered on June 30, 1978. One year later, that judgment became unassailable on the ground of mistake. Civil Rule 60(b). *Stone v. Stone*, 647 P.2d 582 (Alaska 1982). Thus, while the personal representative's mistake of law

---

**6.** See note 5, *supra*.

may well have led to an intent on her part not to settle the claim of the beneficiary Patrick Mitchell, such intent is, under the circumstances of this case, legally irrelevant because the judgment of dismissal clearly and unambiguously dismisses the entire lawsuit she brought against Western Geophysical.[7] Accordingly, Patrick has no separate claim which can be prosecuted against Western Geophysical.

■ In holding thus, we find it is unnecessary to reach the other issues raised by the parties and we consider a point not discussed in the appellant's brief as abandoned.[8]

Judgment of the superior court is AFFIRMED.

BURKE, C.J., not participating.

---

7. The result we have reached in this case does not, of course, mean that the claims of individual beneficiaries cannot be tried separately once a wrongful death action is brought. Civil Rule 42(b) permits this in appropriate cases. Further, nothing we have said should be taken to preclude separate settlement of the claims of any beneficiary.

8. In their statement of points, the appellants specified that it was error for the trial court to assess attorney's fees and costs against them. However, since the appellants failed to discuss this point in their opening or reply briefs, we treat it as abandoned on appeal. *Jeffries v. Glacier State Telephone Co.,* 604 P.2d 4 (Alaska 1979); *Whaley v. State,* 438 P.2d 718 (Alaska 1968).