Luther A. BRICE, Sam R. Brice, Andy M. Brice, Luther L. Brice, and Helenka M. Brice, Appellants,

v.

STATE of Alaska, DIVISION OF FOREST, LAND AND WATER MANAGEMENT, State of Alaska Department of Transportation and Public Facilities, State of Alaska, Fairbanks North Star Borough, Linda K. Johnson, Warren L. Griese, Mary L. Johnson, Bea C. Bachner, Susan K. Griese, Beatrice I. Herning, Jeffrey P. Burton, Gary L. Crutchfield, Howard C. Guinn, Kelley Everette, Jean Murray, Loren E. Hite, Lucille M. Thayer, Frank S. Towse, Dennis E. Sunderland, Paul Henry, George P. McCoy, Joe Sullivan, Ted D. Johnson, William A. Bailey, Guy Sattley, Donald Johnson, Edith Szmyd, Eleanore L. Thorgaard, Karen A. Josephs, Daniel M. Wietchy, Karen Tony, and Bob Merritt, Appellees.

No. 7039.

Supreme Court of Alaska.

Sept. 23, 1983.

Franklin D. Fleeks, Fairbanks, for appellants.

Larry D. Wood, Asst. Atty. Gen., Fairbanks, Wilson L. Condon, Atty. Gen., Juneau, for appellees.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

## OPINION

MATTHEWS, Justice.

Luther A. Brice, Sam R. Brice, Andy M. Brice, Luther L. Brice, and Helenka M. Brice appeal a judgment of the superior court dismissing their complaint against the State, the Fairbanks North Star Borough, and various private landowners in the Tungsten Subdivision located in the Fairbanks North Star Borough. The Brices had claimed that no highway easement existed across certain property that they own south of the Tungsten Subdivision. We affirm.

The Brices own property that was entered in 1950 and patented in 1952 by Robert S. Johnson.[1] They purchased this property in 1964 from the Conservative Baptist Home Mission Society, who in turn had acquired it in 1957 from Johnson. The property is described as the northeast one-

quarter of the southeast one-quarter of section 22, township one north, range one east, Fairbanks Meridian[2] (hereinafter "the property").[3] The property lies to the south of the Tungsten Subdivision and to the north of Chena Hot Springs Road.

The Tungsten Subdivision contains residential lots that were obtained by lottery in 1981, and certain of the lot owners wish to build an access road to the subdivision from Chena Hot Springs Road. They notified the Brices of this desire in spring 1982, indicating that they planned to build a road along a section line highway easement between sections 22 and 23.

The Brices filed a complaint on April 23, 1982, naming the State, the Fairbanks North Star Borough, and various lot owners in the Tungsten subdivision as defendants. The Brices claimed that no easement existed along the eastern edge of the property (where section 22 joins section 23), and asked that the court bar the construction of any road on the alleged easement. On the same date, the Brices moved for a preliminary injunction to prevent the commencement of any work on the road.

The State filed opposition to the preliminary injunction motion and moved to dismiss the Brices' complaint on May 5, 1982. The State argued that the property was burdened with a valid section line highway easement pursuant to 43 U.S.C. § 932 and 19 SLA 1923. The Honorable Gerald J. Van Hoomissen heard arguments on the motions on June 3, 1982. On June 14, 1982, the court granted the State's motion to dismiss under Civil Rule 12(b)(6), without explanation, and entered judgment against the Brices on July 1, 1982. The Brices appeal.

## I

The Brices first contend that the court erroneously failed to indicate expressly whether, in deciding to dismiss their com-

---

1. This property was previously entered in 1943 by Warren Culpepper, who abandoned the entry later that year.

2. All references to sections of land are to sections located in T1N, R1E, F.M.

3. The Brices also own property bounding the property here in dispute on the north and east, lying in both sections 22 and 23, but they do not challenge the existence of easements across this property.

plaint, it had considered or excluded matters submitted outside the pleadings. According to the Brices, this error requires a remand of their suit for proper consideration as either a Rule 12(b)(6) motion to dismiss or as a Rule 56 motion for summary judgment.

■ Civil Rule 12(b) provides that if a Rule 12(b)(6) motion to dismiss for failure to state a claim involves presentation to the court of matters outside the pleadings, and if these outside matters are not excluded by the court, then the motion must be treated as one for summary judgment under Civil Rule 56. We addressed this provision in *Martin v. Mears,* 602 P.2d 421 (Alaska 1979), holding that trial courts commit error unless they expressly state whether they have excluded or considered materials outside the pleadings in ruling on a Rule 12(b)(6) motion. *Id.* at 426. We went on to address the alternatives available on review when such an express declaration has not been made. The reviewing court may either (1) reverse the decision and remand for proper consideration as either a Rule 12(b)(6) motion or a Rule 56 summary judgment motion; (2) review the decision as if it were a Rule 12(b)(6) decision, with accompanying exclusion of the materials external to the pleadings; or (3) review the decision as if it were the grant of summary judgment after conversion of the Rule 12(b)(6) motion to one for summary judgment. *Id.* at 427. Since the reviewing court has three alternatives and may choose the most appropriate one, *see Douglas v. Glacier State Telephone Co.,* 615 P.2d 580, 591–92 (Alaska 1980), there is no merit to the contention that the court's erroneous failure to state whether it had excluded or considered the external material requires a remand here.

■ We have concluded that we should treat the dismissal as if it were the entry of summary judgment after conversion of the Rule 12(b)(6) motion into one under Rule 56. As we stated in *Douglas,* we consider it important that the Brices had a " 'reasona-

ble opportunity' to present evidentiary material pertinent to a summary judgment motion, as required by Civil Rule 12(b)." *Douglas,* 615 P.2d at 592 (footnote omitted). As our subsequent analysis will show, the only material outside the pleadings that was necessary to the court's decision involved the date of entry on the property in dispute. The Brices do not claim that a factual issue exists concerning this date of entry. Given the narrow scope of the materials outside of the pleadings which were consulted by the superior court, and the Brices' failure to show any prejudice occurring to them as a result of the superior court's unarticulated conversion of the 12(b)(6) motion, we hold that any error under *Mears* was harmless error.

II

The Brices next assert that the court erred in dismissing their complaint because any easement over the property was vacated in 1949 when the Alaska legislature repealed 19 SLA 1923. According to the Brices, this repeal vacated all easements previously established under that statute.

43 U.S.C. § 932, *repealed by* Pub.L. No. 94–579, Title VII, § 706(a) (1976), first adopted by Congress in 1866, provided:

The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted.

The Alaska territorial legislature accepted this dedication of public lands for highway purposes in 19 SLA 1923,[4] section 1 of which provided:

A tract of four rods wide between each section of land in the Territory of Alaska is hereby dedicated for use as public highways, the section line being the center of said highway. But if such highway shall be vacated by any competent authority the title to the respective strips shall inure to the owner of the tract of which it

4. This statute was reenacted in slightly different form in the 1933 compilation of Alaska laws. 1721 CLA 1933. The reasoning of the

subsequent discussion of 19 SLA 1923 also applies to 1721 CLA 1933.

formed a part by the original survey.[5] In *Girves v. Kenai Peninsula Borough,* 536 P.2d 1221 (Alaska 1975), we held that acceptance of the federal grant was within the power of the territorial legislature. *Id.* at 1225; *see also State v. Alaska Land Title Association,* 667 P.2d 714, at 722 (Alaska, 1983). Indeed, the parties do not dispute that the 1923 act impressed the public lands in Alaska not otherwise reserved for public uses with section line highway easements. The dispute concerns the repeal of 19 SLA 1923 in 1949.

■ There seems little doubt that 19 SLA 1923 was repealed by the compilation of Alaska laws in 1949. The legislature adopted the compilation in 1 SLA 1949, section 1 of which provides in relevant part:

All acts or parts of acts heretofore enacted by the Alaska Legislature which have not been incorporated in said compilation because of previously enacted general repeal clauses or by virtue of repeals by implication or otherwise are hereby expressly repealed.

19 SLA 1923 was not included in the 1949 compilation. However, the repeal of the statute does not necessarily vacate previously created easements. The grant of 43 U.S.C. § 932 was a continuing one, as was its acceptance by 19 SLA 1923. As lands came into the public domain after 1923, they became impressed with section line highway easements. 1969 Op.Att'y Gen. No. 7 at 6 (Alaska, December 18, 1969). Therefore, the repeal clearly would have some rationale other than vacation of previously accepted easements, that is, to suspend the acceptance for public lands coming into the public domain after the date of repeal.

■ As the State points out, the repeal was subject to the then-existing general saving statute, found at 19–1–1 ACLA 1949, which provided in pertinent part:

The repeal or amendment of any statute shall not affect any . . . right accruing or accrued . . . prior to such repeal or amendment; . . . .

When a repeal is not accompanied by a specific saving provision, it is presumed that the legislature intended the general saving statute to apply. 2A C. Sands, Sutherland Statutory Construction § 47.13 (4th ed. 1973). A saving statute preserves rights unless the repealing act reveals an intention not to do so. *Alaska Public Utilities Commission v. Chugach Electric Association,* 580 P.2d 687, 692 (Alaska 1978), *overruled on other grounds, City and Borough of Juneau v. Thibodeau,* 595 P.2d 626, 629 (Alaska 1979); 2A C. Sands § 47.13. No such intention is revealed by 1 SLA 1949.[6]

■ Additionally, as the State notes, to hold that the 1949 repeal of 19 SLA 1923 vacated all previously accepted easements would be to give the repeal retroactive effect. The well-settled common law rule, now reflected in AS 01.10.090,[7] is that a law is presumed to be prospective in nature in the absence of clear legislative expression to the contrary. *Hill v. Moe,* 367 P.2d 739, 742 (Alaska 1961), *cert. denied,* 370 U.S. 916, 82 S.Ct. 1554, 8 L.Ed.2d 498 (1962); 2 C. Sands § 41.04, at 252. There being no such expression in 1 SLA 1949, we do not believe

---

**5.** Four rods is equivalent to 66 feet. Since the Brices only challenge the easement along the section line between sections 22 and 23 as it applies to the property here in dispute, the disputed easement is 33 feet wide.

**6.** The Brices contend that this saving statute was intended only to encompass the part of the 1949 compilation entitled the Civil Code, and therefore that it does not apply to statutes regarding highways, which were located elsewhere in the 1949 compilation. However, the terms of the statute itself require rejection of this argument. The statute states in pertinent part:

The repeal . . . of any statute shall not affect *any offense committed* . . . prior to such repeal . . .; nor shall any penalty, forfeiture or liability incurred under such statute be released or extinguished, but the same may be *enforced,* . . . *prosecuted,* and *punished* under the repealing . . . statute . . . .

(Emphasis added.) This saving statute clearly encompassed not only civil but also criminal statutes, which also did not appear in the Civil Code of the 1949 compilation.

**7.** AS 01.10.090 provides:

No statute is retrospective unless expressly declared therein.

**1316**

that the repeal of 19 SLA 1923 operated retroactively to vacate previously accepted grants of easements.

 Therefore, we hold that section line highway easements established by the grant of 43 U.S.C. § 932 and the acceptance in 19 SLA 1923 were not vacated by the 1949 repeal of 19 SLA 1923. However, this case was not appropriate for disposition under Civil Rule 12(b)(6) because the court of necessity considered matters outside the pleadings. Entry on the disputed property could conceivably have occurred before 1923, and if it had, then 19 SLA 1923 might not have burdened the property with an easement. *State v. Alaska Land Title Association*, 667 P.2d at 724. The court thus had to determine when entry took place, and to do so, it had to consider matters outside the pleadings. In so doing, it would find that the land was entered in 1943 by Warren Culpepper, who abandoned the entry later that year, and then entered in 1950 and patented in 1952 by Robert Johnson. Neither the entries nor the patent, however, affected the easement established in 1923, since a patentee takes property subject to a 43 U.S.C. § 932 easement. *State v. Alaska Land Title Association*, 667 P.2d at 726; *see Girves v. Kenai Peninsula Borough*, 536 P.2d at 1224. Thus, treating the court's dismissal of the Brices' complaint as having occurred following conversion of the Rule 12(b)(6) motion to one for summary judgment, we hold that the court correctly dismissed the Brices' complaint. The property is subject to an easement for highway purposes bordering the section line between sections 22 and 23. *See* note 5 *supra*.

AFFIRMED.

MOORE, J., not participating.