**Rodney AHWINONA, Appellant,**

v.

**STATE of Alaska and Clarence Jackson, Appellees.**

No. S–6750.

Supreme Court of Alaska.

Aug. 16, 1996.

Rodney Ahwinona, pro se, Anchorage.

Raymond M. Funk, Assistant Attorney General, Fairbanks, and Bruce M. Botelho, Attorney General, Juneau, for Appellees.

Before COMPTON, C.J., RABINOWITZ, MATTHEWS and EASTAUGH, JJ., and SHORTELL, Justice, Pro Tem.*

### OPINION

EASTAUGH, Justice.

## I. *INTRODUCTION*

This case concerns the effect of a personal injury release executed by Rodney Ahwinona in 1991. The superior court granted a Civil Rule 12(b)(6) motion dismissing a 1994 lawsuit Ahwinona brought against two of the releasees. We affirm.

## II. *FACTS AND PROCEEDINGS*

Rodney Ahwinona suffered a broken leg while he was in custody of the State of Alaska, Department of Corrections (DOC), and riding on a snowmachine driven by Clarence Jackson, a DOC employee. Through his attorney, Ahwinona sued Jackson, the State, and the Maniilaq Association for personal injury damages arising out of the accident. At the time of the accident, Ahwinona was incarcerated at a rehabilitation camp run by Maniilaq. The accident occurred while Ahwinona was being transported to Kotzebue to obtain supplies. The complaint was filed November 2, 1990, in the superior court in Nome.

On May 21, 1991, Ahwinona signed a document entitled "Release of All Claims." It recited that for consideration of $6,000, re-

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

ceipt of which was acknowledged, Ahwinona "hereby releases and forever discharges Clarence Jackson, the Maniilaq Association, and the State of Alaska." Ahwinona's signature was affixed before a notary public. His attorney signed an attached "Attorney's Representation" dated May 28 stating that she had explained and discussed the nature and purpose of the release with Ahwinona and that to the best of her knowledge, "my client understands the nature and effect of this document and assents to its terms." On May 15, prior to signing the release, Ahwinona executed a document entitled "Special Power of Attorney," which permitted his attorney "as my attorney-in-fact" to endorse and cash "the settlement check in the amount of $6,000.00" and sign release documents in the case "against the State of Alaska, Clarence Jackson, and Maniilaq Association." That power was also executed before a notary. On June 24 Ahwinona's attorney sent to Ahwinona a letter which enclosed his "full and final settlement check in the amount of $4,000.00 and a copy of your Settlement Sheet." The settlement sheet, countersigned by Ahwinona on June 18, acknowledged that the "full settlement amount" was $6,000 and that $4,000 was the "total due client" after deduction of attorney's fees. The attorney's trust account check to Ahwinona in the amount of $4,000 bore the notation "Full & Final Settlement."

In April 1994 Ahwinona filed in the superior court in Anchorage a pro se complaint against Jackson and the State. He claimed personal injury damages arising from the snowmachine accident and other damages from the alleged failure of Jackson and the State to honor the settlement agreement. Ahwinona attached to his new complaint copies of various documents, including the release of all claims, the attorney's representation, the special power of attorney, the $6,000 settlement check payable jointly to Ahwinona and his attorney (apparently issued by the insurer for Maniilaq Association), the letter from Ahwinona's attorney conveying the settlement check, and the settlement sheet discussed above.

The State and Jackson filed an answer to Ahwinona's complaint, raising the 1991 settlement and release as a defense. The State then moved to dismiss pursuant to Civil Rule 12(b)(6), asserting that the claims were barred by the prior settlement. In support, the motion to dismiss relied upon Ahwinona's 1994 complaint and the documents which Ahwinona attached to that complaint, including the 1991 release and attorney's representation.

Ahwinona opposed the motion in an unsworn memorandum which asserted that the release he signed released only Maniilaq Association. He asserted that when he agreed to settle, he expected settlement from all three defendants, including the State and Jackson, but learned "while in the process of signing [the] release for Maniilaq Association" that the State was not going to pay for the settlement. He also asserted that the State's lawyers did not send him release papers to sign to release the State and Jackson "formally." He further asserted that Jackson and the State were responsible for his injury, and that they had agreed to settle but then "turned around" and said that they were not going to pay for the settlement. The trial court granted the State's motion to dismiss and dismissed Ahwinona's claims with prejudice.

Ahwinona sought reconsideration, and elaborated on his theory that the State and the Department of Law had agreed to settle but "went back on their word" when they failed to pay the settlement and provide a release of liability for him to execute. It appears to have been Ahwinona's theory that the State could not settle the claims against itself and Jackson unless the State itself paid the settlement proceeds to Ahwinona and provided him with a release document authored by the Attorney General's Office. It was also apparently his theory that the check and the release did not discharge the State's responsibility to settle the claims against the State and Jackson. The trial court denied the motion for reconsideration.

The State moved for entry of final judgment. Ahwinona filed an unsworn statement in opposition, asserting that when he agreed to settle with all the defendants, he was expecting settlement from each defendant in the amount of $6,000.

The trial court entered final judgment against Ahwinona. Ahwinona appeals.

## III. DISCUSSION

■ It is uncertain what documents the trial court considered apart from the complaint. Normally, if the trial court in deciding a Rule 12(b) motion to dismiss relies on "matters outside the pleadings," the motion is to be treated as one for summary judgment, and resolved in accordance with Rule 56. Alaska R. Civ. P. 12(c). *Maynard v. State Farm Mutual Auto. Ins. Co.*, 902 P.2d 1328, 1329 (Alaska 1995); *Shatting v. Dillingham City Sch. Dist.*, 617 P.2d 9, 11 n. 4 (Alaska 1980). In *Brice v. State*, 669 P.2d 1311, 1314 (Alaska 1983), we summarized the three alternatives available to a reviewing court when it is unclear whether the trial court relied on matters outside the pleadings. We stated:

> The reviewing court may either (1) reverse the decision and remand for proper consideration as either a Rule 12(b)(6) motion or a Rule 56 summary judgment motion; (2) review the decision as if it were a Rule 12(b)(6) decision, with accompanying exclusion of the materials external to the pleadings; or (3) review the decision as if it were the grant of summary judgment after conversion of the Rule 12(b)(6) motion to one for summary judgment.

*Id.* (citing *Martin v. Mears*, 602 P.2d 421, 427 (Alaska 1979)).

■ In this case the documents evidencing the prior settlement and terms of the release were attached to Ahwinona's 1994 complaint. Under these circumstances, the trial court could properly rely upon these materials in deciding the State's motion to dismiss under Rule 12(b)(6) without converting it into a motion for summary judgment under Rule 56. *Industrial Constructors Corp. v. Bureau of Reclamation*, 15 F.3d 963, 964–65 (10th Cir.1994); *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 2704, 129 L.Ed.2d 832 (1994); *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir.

1991); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990); *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir.1990); *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir.1986); *Sullivan v. United States*, 788 F.2d 813, 815 n. 3 (1st Cir.1986); *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir.1984), *cert. denied*, 476 U.S. 1124, 106 S.Ct. 1992, 1993, 90 L.Ed.2d 673 (1986); 2A James W. Moore, *Moore's Federal Practice* ¶ 12.09[3] n. 6, at 12–107 (2d ed.1995); 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 299 (2d ed.1990).[1] Therefore, under alternative two outlined in *Brice*, we can review the superior court decision as a Rule 12(b)(6) motion with reference to the documents attached by Ahwinona to his complaint.

■ The release documents attached to Ahwinona's complaint are clear on their face. They compel a conclusion as a matter of law that Ahwinona agreed to settle his claims against Maniilaq, Jackson, and the State for a total of $6,000, and that Ahwinona received the agreed-upon consideration. The settlement clearly contemplated payment of a single consideration of $6,000 to discharge all three defendants. The settlement clearly did not contemplate payment by each defendant of the $6,000 consideration recited in the release. Nothing Ahwinona subsequently argued to the court permits a different conclusion. His assertion that the State and Jackson had not been released because the State had failed to provide the check and a separate release is irrelevant. It does not matter which defendant paid or advanced the settlement proceeds, or which defense attorneys prepared the release documents. Consequently, as a matter of law, Ahwinona's claim is one for which relief cannot be granted. The superior court correctly granted the State's Rule 12(b)(6) motion.

Because we have the discretion to review the superior court's decision as if that court

---

1. *See also Murat v. F/V Shelikof Strait,* 793 P.2d 69, 75 (Alaska 1990) (stating that unauthenticated documents can be considered in support of a motion when no timely objection to the documents is made, relying on "the well-recognized principle that a failure to timely raise any evidentiary objection constitutes waiver of that objec-

tion and permits the court to consider the proffered evidence") (citing *Kvasnikoff v. Weaver Bros., Inc.,* 405 P.2d 781, 784 (Alaska 1965) (holding that unauthenticated documents may be considered in support of a motion for summary judgment where the documents were not objected to or their authenticity disputed)).

converted the State's motion to a summary judgment motion, *Brice,* 669 P.2d at 1314 (citing *Douglas v. Glacier State Telephone Co.,* 615 P.2d 580, 591–92 (Alaska 1980)), we alternately review and affirm the superior court decision under that standard.

After the court granted the motion to dismiss, denied Ahwinona's motion for reconsideration, and was considering entry of final judgment, Ahwinona asserted that he understood he would be paid $6,000 by each defendant. This was the first time he expressly made this factual assertion. Ahwinona did not make this assertion in any sworn documents. Nonetheless, disregarding the fact that this unsworn assertion was not timely raised and did not qualify as evidence creating a genuine fact dispute,[2] Ahwinona's misunderstanding of the terms of the release raised no *material* factual issue.

In *Witt v. Watkins,* 579 P.2d 1065 (Alaska 1978), we articulated the test for setting aside a release:

> Once the party relying on a release establishes that it was given with an understanding of the nature of the instrument, the burden is on the releasor to show by clear and convincing evidence that the release should be set aside. Factors that may be considered are the manner in which the release was obtained including whether it was hastily secured at the instigation of the releasee; whether the releasor was at a disadvantage because of the nature of his injuries; whether the releasor was represented by counsel; whether he relied on representations of the releasee or a physician retained by the releasee and whether liability was seriously in dispute. The relative bargaining positions of the parties and the amount to be paid should also be considered.

*Id.* at 1069–70.

Ahwinona presents no persuasive argument that his signing of the release was coerced, the result of disadvantaged bargaining ability due to his injury or otherwise, or founded on representations made to him by the State or Jackson or their agents. Rather, Ahwinona's claim is based on his misunderstanding of the settlement agreement. Ahwinona states "[w]hen I agreed with the defendants to settle out of court, I was expecting settlement of six thousand dollars from each of the defendants." In support of this expectation, Ahwinona argues that "[t]he release of liability signed by me states that each side bear their own cost and attorney's fees. That means specifically that ... the state has its own cost for personal injury; ... [and] Clarence Jackson has his own cost for personal injury."

When he settled in 1991 Ahwinona was represented by counsel who attested to the fact that she explained the release and that Ahwinona understood "the nature and effect of [the release] and assent[ed] to its terms." Absent any showing of coercion or fraud, Ahwinona's mistaken understanding of the release is not sufficient to set it aside. *See Mitchell v. Mitchell,* 655 P.2d 748, 753 (Alaska 1982) (refusing to set aside a settlement, stating that the releasor's mistake was "legally irrelevant because the [settlement] clearly and unambiguously dismisses the entire lawsuit."). Despite Ahwinona's misinterpretation, the release clearly discharges all claims against the State and Jackson arising out of the snowmobile incident. Even if we assume Ahwinona was seeking reformation of the release to reflect his alleged understanding of the release terms, Ahwinona fails to raise material fact issues sufficient to succeed on such a claim.[3] Therefore, Ahwinona did not raise any genuine issues of material fact sufficient to avoid the clear terms of the release and the effect of the prior settlement.

## IV. CONCLUSION

Given the record before it, the superior court could not permissibly have denied judg-

---

**2.** In *Brock v. Rogers & Babler, Inc.,* 536 P.2d 778, 782 (Alaska 1975), we held that the respondent in a summary judgment motion "must set forth specific facts showing that he could produce admissible evidence reasonably tending to dispute the movant's evidence. Assertions of fact in pleadings and memoranda are not admissible evidence and cannot be relied upon for the purposes of summary judgment." (Citations omitted.)

**3.** Ahwinona's mistaken belief that he would receive $6,000 from each defendant is not a sufficient basis for reformation of the release. "Reformation of an instrument is the proper remedy where it is alleged that the instrument does not conform to the actual intentions of the parties."

ment to the State of Alaska and Clarence Jackson. It consequently did not err in dismissing Ahwinona's complaint. Accordingly, we AFFIRM the trial court's entry of final judgment against Ahwinona.

RABINOWITZ, Justice, concurring.

I think it essential to a proper resolution of the Civil Rule 12(b)(6) issue in this appeal to keep in mind that Ahwinona filed *pro se* complaints against Maniilaq, Jackson, and the State. Given that Ahwinona was unrepresented at all times in connection with the proceedings in the superior court, I am of the view that considerations of basic fairness require that the superior court's grant of the State's Civil Rule 12(b)(6) motion dismissing Ahwinona's complaint be reversed.

In regard to its treatment of the State's motion as a Civil Rule 12(b)(6) motion, the court first notes that if the superior court in deciding such a motion relies on matters outside the pleadings, the motion is normally to be treated as one for summary judgment and is to be resolved in accordance with Civil Rule 56. Secondly, the court observes in part:

[T]he documents evidencing the prior settlement and terms of the release were attached to Ahwinona's 1994 complaint. Under these circumstances, the trial court could properly rely upon these materials in deciding the State's motion to dismiss under Rule 12(b)(6) without converting it into a motion for summary judgment under Rule 56 ... *Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2704 [129 L.Ed.2d 832] (1994).

Relying on *Branch* and similar federal authorities to analyze and dispose of Ahwinona's Civil Rule 12(b) motion, the court concludes that the documents attached to Ahwinona's complaint compel the conclusion as a matter of law that Ahwinona agreed to settle his claim against Maniilaq, Jackson, and the State for a total of $6,000.

In *Branch,* 14 F.3d at 453–54, the Ninth Circuit wrote:

We have said that a document is not "outside" the complaint if the complaint specifically refers to the document and if its authenticity is not questioned. *Townsend v. Columbia Operations,* 667 F.2d 844, 848–49 (9th Cir.1982). The leading commentators state that "when [the] plaintiff fails to introduce a pertinent document as part of his pleading, [the] defendant may introduce the exhibit as part of his motion attacking the pleading." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327, at 762–63 (2d ed.1990); *accord Romani v. Shearson Lehman Hutton,* 929 F.2d 875, 879 n. 3 (1st Cir.1991).... As it makes sense and comports with existing practice, we hold that documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does "not convert the motion to dismiss into a motion for summary judgment." *Romani,* 929 F.2d at 879 n. 3.

It strikes me that the instant appeal is an inappropriate vehicle to announce a completely new interpretation of Civil Rule 12(b)(6). I say this because Ahwinona was acting *pro se* in regard to all proceedings before the superior court. The *Branch* rule is a fairly esoteric rule to announce in the context of *pro se* litigation against the State, particularly where the *pro se* litigant was not

---

*D.M. v. D.A.,* 885 P.2d 94, 96 (Alaska 1994) (citing *Oaksmith v. Brusich,* 774 P.2d 191, 197 (Alaska 1989)).

Under Alaska law, the equitable remedy of reformation is available only in certain well-defined circumstances. These include situations involving mistake of fact, fraud, mutuality of mistake, and cases in which "a party executes a written instrument knowing the intention of the other party as to the terms to be embodied therein, and knowing that the writing does not accurately express that intention."

*Lathrop Co. v. Lampert,* 583 P.2d 789, 790 (Alaska 1978) (footnotes omitted) (quoting *Holiday Inns of America, Inc. v. Peck,* 520 P.2d 87, 94 (Alaska 1974)). *See also Riley v. Northern Commercial Co.,* 648 P.2d 961, 969 (Alaska 1982) ("The general rule is that reformation is not available to obtain relief from a unilateral mistake.").

Ahwinona does not argue that the State or Jackson knew of his alleged understanding of the intended release terms or that they induced this mistaken understanding.

apprised of the potential Civil Rule 12(b)(6) consequences of attaching documents to his complaint.[1]

However, I concur in the court's alternative holding to the effect that reviewing the superior court's decision as if that court had converted the State's motion to a summary judgment motion, Ahwinona has failed to raise material fact issues sufficient to avoid the terms of the release and the effect of the prior settlement.

---

1. In *Breck v. Ulmer,* 745 P.2d 66, 75 (Alaska 1987), *cert. denied,* 485 U.S. 1023, 108 S.Ct. 1579, 99 L.Ed.2d 894 (1988), we said:

> We agree with Breck that the pleadings of *pro se* litigants should be held to less stringent standards than those of lawyers. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652, 654 (1972) (per curiam). In this regard we note that several courts have explicitly imposed a duty on the trial judge to advise a *pro se* litigant of his or her right under the summary judgment rule to file opposing affidavits to defeat a motion for summary judgment. *See Hudson v. Hardy,* 412 F.2d 1091, 1094 (D.C.Cir.1968) (per curiam); *Roseboro v. Garrison,* 528 F.2d 309, 310 (4th Cir.1975) (per curiam). Likewise, we believe the trial judge should inform a *pro se* litigant of the proper procedure for the action he or she is obviously attempting to accomplish; here Breck should have been advised of the necessity of submitting affidavits to preclude summary judgment, and of the possibility of amending her complaint.

*See also Murphy v. City of Wrangell,* 763 P.2d 229, 233 n. 8 (Alaska 1988); *Smith v. Sampson,* 816 P.2d 902, 906 (Alaska 1991); *Keating v. Traynor,* 833 P.2d 695, 696 (Alaska 1992); and *Zok v. State,* 903 P.2d 574, 576 n. 2 (Alaska 1995).