124 F.3d 210
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rodney Jason AHWINONA, Plaintiff-Appellant,
v.
ALASKA, State of; Clarence Jackson; Alaska, State of,
Department of Corrections; Alaska, State of,
Chief Executive Officer, Defendants-Appellees.
 No. 97-35290.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Decided Sept. 29, 1997.
 
 Appeal from the United States District Court for the District of Alaska, No. CV-97-00012-JKS; James K. Singleton, Chief District Judge, Presiding
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rodney Jason Ahwinona appeals pro se the district court's dismissal with prejudice of Ahwinona's Amended Complaint, brought pursuant to 42 U.S.C. § 1983, against the Governor of Alaska and Clarence Jackson, an employee of the Alaska Department of Corrections ("DOC"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Ahwinona suffered a broken leg while he was in custody of the DOC, riding on a snowmobile driven by Jackson. The accident occurred while Ahwinona, who was incarcerated at a rehabilitation camp, was being transported to obtain supplies. Ahwinona brought a state court lawsuit for damages arising out of the accident against Jackson, the State, and the Maniilaq Association, the contractor which operated the rehabilitation camp. Ahwinona received $6,000 pursuant to a settlement agreement in the state court personal injury action.
 
 
 4
 In the instant action, Ahwinona's Amended Complaint alleged that the Governor and Jackson violated his Fourteenth Amendment rights by failing to pay amounts they owed under the settlement agreement. Ahwinona contends that he is entitled under the settlement agreement to $6,000 each from the state and Maniilaq, and that only Maniilaq paid the $6,000 due. The Amended Complaint also asserted that the defendants' failure to pay the amounts due constitutes negligence. Ahwinona seeks damages as a result of the alleged constitutional violations and negligence.
 
 
 5
 The district court properly ruled that Ahwinona's action is barred by the res judicata effect of the Alaska Supreme Court's decision in Ahwinona v. State, 922 P.2d 884 (Alaska 1996). In Ahwinona, the Alaska Supreme Court affirmed the dismissal of a state court action in which Ahwinona sought damages resulting from the alleged failure of Jackson and the State to honor the settlement agreement. Ahwinona's allegations in the instant action, that the defendants violated his constitutional rights by failing to pay him amounts due under the settlement agreement, are necessarily precluded by the Alaska Supreme Court's
 
 
 6
 conclusion as a matter of law that Ahwinona agreed to settle his claims against Maniilaq, Jackson, and the State for a total of $6,000, and that Ahwinona received the agreed-upon consideration.
 
 
 7
 Id., at 886. See 28 U.S.C. § 1738 (federal courts must afford full faith and credit to state judicial proceedings); Hiser v. Franklin, 94 F.3d 1287, 1290 (9th Cir.1996) (to determine the preclusive effect of an Alaska state court judgment, this court applies Alaska's res judicata law); Plumber v. University of Alaska Anchorage, 936 P.2d 163, 166-67 (Alaska 1997) (under Alaska law, a final judgment bars a subsequent action between the same parties or their privies, when the subsequent action arises from the same transaction out of which the prior action arose).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Ahwinona's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3